# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY AND REBEKAH BOWE, | ) | |
| | ) | Case No.: 2:22-cv-02930 |
| Plaintiffs, | ) | (Lead Case Number in Consolidated Matter) |
| | ) | |
| v. | ) | Case No.: 2:22-CV-04266 |
| | ) | (Consolidated Case) |
| CROSS RIVER BANK, *et al.* | ) | |
| | ) | Chief Judge Algenon L. Marbley |
| Defendants. | ) | |

## DEFENDANT TRIVEST PARTNERS, L.P.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Trivest Partners, L.P. ("Trivest") moves the Court for entry of an order dismissing Plaintiffs' Complaint with prejudice. In support of this motion, Trivest refers the Court to Trivest's memorandum in support, filed simultaneously herewith.

WHEREFORE, Trivest respectfully requests that the Court grant this motion and enter an order dismissing Plaintiffs' Complaint for the reasons set forth therein.

Dated this 21st day of March, 2023.

*/s/ Trevor G. Covey*
Trevor G. Covey (0085323)
Nora K. Cook (0086399)
BENESCH, FRIEDLANDER, COPLAN &
  ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Tel.: 216.363.4500
Fax: 216.363.4588
tcovey@beneschlaw.com
ncook@beneschlaw.com

R. Trent Taylor (*pro hac vice forthcoming*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1182
rtaylor@mcguirewoods.com

*Attorneys for Defendant Trivest Partners,
L.P.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Trevor G. Covey*
Attorney for Defendant Trivest Partners,
L.P.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY AND REBEKAH BOWE, | ) | |
| | ) | Case No.: 2:22-cv-02930 |
| Plaintiffs, | ) | (Lead Case Number in Consolidated Matter) |
| | ) | |
| v. | ) | Case No.: 2:22-CV-04266 |
| | ) | (Consolidated Case) |
| CROSS RIVER BANK, *et al.* | ) | |
| | ) | Chief Judge Algenon L. Marbley |
| Defendants. | ) | |

## DEFENDANT TRIVEST PARTNERS, L.P.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs purchased a home solar system ("system") from Power Home Solar (later known as Pink Energy ("PHS/PE")) and financed these purchases through third parties. They were disappointed with the systems, contending that they do not provide the advertised benefits.

And so, Plaintiffs decided to sue. Plaintiffs chose to name Trivest Partners, L.P. ("Trivest")—alleged to be a minority shareholder in PHS/PE—as a defendant. But no other specifics about Trivest's role appear in the Complaint. Plaintiffs do not allege that they interacted with Trivest or any Trivest personnel. Plaintiffs do not contend that Trivest maintains any office in Ohio. Plaintiffs do not plead that Trivest or any Trivest personnel advertised the sale of systems in Ohio. Plaintiffs do not contend that Trivest or any Trivest personnel sold them or any other Ohio residents any systems. Nor do Plaintiffs plead that Trivest or any Trivest personnel financed these purchases. Accordingly, Plaintiffs' Complaint should be dismissed for three reasons.

*First*, Plaintiffs have not made a prima facie showing that this Court can exercise personal jurisdiction over Trivest. Trivest is not subject to general personal jurisdiction. Nor can the Court exercise specific personal jurisdiction. There are no plausible allegations of sufficient minimum contacts with Ohio, much less any contact giving rise to Plaintiffs' alleged injuries.

*Second*, the Complaint fails to state any claim against Trivest upon which relief can be granted. All of Plaintiffs' claims fail for a fundamental reason: the factual allegations in the Complaint cannot be attributed to Trivest. Trivest and PHS/PE are two separate corporate entities. Ohio law respects the corporate form, and PHS/PE's actions cannot be attributed to Trivest absent extraordinary circumstances. Only where there are sufficient factual allegations that Trivest and PHS/PE are fundamentally indistinguishable can Trivest be held to account for PHS/PE's actions under a corporate veil piercing theory. But there is a complete lack of factual content to draw that reasonable inference here. Relatedly, there are no facts supporting any agency theory of liability.

The causes of action also fail for additional reasons. Plaintiffs cannot proceed on a breach of contract claim (Count 1) against Trivest because there is no contract between them that could be breached. Plaintiffs' negligent hiring and retention claim (Count 7) fails because there are no allegations suggesting that any employment relationship existed between Trivest and PHS/PE. Plaintiffs' negligence claim (Count 11) is barred by the economic loss rule. Plaintiffs' civil conspiracy (Count 10) fails because they do not adequately allege that an agreement exists. Plaintiffs' remaining fraud-based claims (Counts 2 and 4) lack the requisite particularity under Federal Rule of Civil Procedure 9(b). Plaintiffs' "claim" for punitive damages (Count 13) is not a claim at all. It is a request for relief.

*Third*, the Court should dismiss Plaintiffs' Complaint under the first-to-file rule. Plaintiffs filed suit after a nationwide class action related to the same allegations was filed in Michigan federal court. Plaintiffs are putative class members, and proceeding with this and other individual actions would be inefficient and a waste of judicial economy.

The Court should dismiss Plaintiffs' claims against Trivest with prejudice.[1]

Trivest is a private investment limited partnership organized under the laws of Florida with its principal place of business in Florida. ECF No. 1, PageID 3, ‖ 6. Trivest held a 25% stake in PHS/PE.[2] *Id.*

Plaintiffs alleged that they purchased a system from, and dealt solely with, PHS/PE. *See id.* ‖ 7. Plaintiffs financed their purchases through third parties Technology Credit Union and Sunlight Financial LLC. *Id.* Plaintiffs contend that a PHS/PE "Agent/Employee" represented that their systems would reduce electricity bills by a significant percentage and that they would, in many instances, receive government rebate checks to offset purchase costs. *Id.* ‖ 17(A-E). Plaintiffs allege that they relied on the PHS/PE Agent/Employee's representations related to expected production and functionality of the systems when making their financed purchases. *Id.*

ARGUMENT

## I. The Court lacks personal jurisdiction over Trivest.

### A. Legal Standard.

Federal Rule of Civil Procedure 12(b)(2) requires dismissal for lack of personal jurisdiction. "The party seeking to establish the existence of personal jurisdiction bears the burden

---

[1] Plaintiffs' Complaint brings three causes of action for declaratory judgments: Counts 5, 6, and 12. Counts 5 and 6 seek relief concerning a contract to which Trivest is not a party. Trivest reserves the right to challenge these contract-based claims should Plaintiffs take the position that Trivest is bound by these contracts. *See infra* n.8. Count 12 seeks a declaratory judgment to disregard PHS/PE's corporate form and hold Defendant Waller personally liable for the company's actions. It does not mention or implicate Trivest. Thus, that count is not brought against Trivest.

[2] In reality, Trivest invested in PHS/PE through a separate corporate entity—a non-control, minority investment fund. Trivest is a management company for a previous fund that has disbanded. Trivest did not have any direct involvement with the PHS/PE investment. For purposes of this motion, Trivest accepts the Complaint because its allegations fail to make a prima facie showing of personal jurisdiction. Trivest does not intend to waive any arguments related to structure or corporate separateness, and instead, expressly preserves them.

to establish such jurisdiction over each defendant independently." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014).

Personal jurisdiction can be either general or specific. *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019). General jurisdiction is "all-purpose" jurisdiction. *Bristol Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). It exists where the defendant's connection with the forum state is "so continuous and systematic as to render [it] essentially at home in the forum state" such that a court may exercise jurisdiction over the defendant for claims "unrelated" to that connection. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 925 (2011).

Specific jurisdiction is "case-linked" jurisdiction. *Bristol-Myers Squibb*, 582 U.S. at 262. It allows a court to exercise jurisdiction over a non-resident defendant for an act or omission in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). But the suit must have arisen out of the connection to the forum state. *See Bristol-Myers Squibb*, 582 U.S. at 262.

### B. No general personal jurisdiction exists over Trivest.

The paradigm for general jurisdiction over a company is where that company is at home. *See Goodyear Dunlop*, 564 U.S. at 924. A company is at home where it is incorporated and maintains its principal place of business. *See Daimler AG*, 571 U.S. at 137. The same is true for limited partnerships. *See Simpson v. Champion Petfoods USA, Inc.*, 2019 WL 5653199, at *2 (E.D. Ky. Oct. 31, 2019).

Here, Plaintiffs concede that Trivest is neither incorporated under Ohio law nor maintains its principal place of business in Ohio. ECF No. 1, PageID 3, ₽ 6. Accordingly, no general jurisdiction exists.

### C. No specific personal jurisdiction exists over Trivest.

Specific jurisdiction is proper over a defendant if the three-part test established in the Sixth Circuit is satisfied. *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012). "First, the defendant

must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state." *Id.* "Second, the cause of action must arise from the defendant's activities there." *Id.* "Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* If any of these three elements are not met, there is not specific personal jurisdiction over the defendant. *Id.* Put simply, exercise of specific personal jurisdiction must not offend due process and must comport with Ohio's long-arm statue. *See id.*

### 1.    Exercise of personal jurisdiction would offend due process.

To comport with due process, a plaintiff must prove that a defendant had sufficient minimum contacts with the forum state. *See Vesi Inc. v. Vera Bradley Designs, Inc.*, 2020 WL 5231308, *3 (S.D. Ohio Sept. 2, 2020). This requires that a plaintiff prove that a defendant purposefully availed itself of the forum, that a defendant's contact with the forum gave rise to plaintiff's case, and that the connection to the forum state is substantial enough to make exercise of jurisdiction reasonable. *See id.*

### a.    Plaintiffs have not plausibly alleged any purposeful availment.

The only Ohio-related allegations in the Complaint are that Plaintiffs were injured as Ohio residents and that PHS/PE was licensed to do business in Ohio. But there are no factual allegations connecting Trivest to Ohio in any meaningful way. Without specifics, the Complaint alleges in conclusory fashion that Trivest was "involved in the day-to-day operation of Pink Energy," ECF No. 1, PageID 9, ⁋ 43, through North Carolina resident Defendant Waller, ⁋ 8. But there is no plausible allegation that Trivest otherwise interacted with Ohio consumers. In short, Plaintiffs contend that a foreign entity that is a minority investor in another entity and generally participated in the business as a whole through a non-Ohioan should be subject to personal jurisdiction. That is not purposeful availment in the Sixth Circuit.

*Dean. v. Motel 6 Operating L.P.* is on point and forecloses the Court from exercising jurisdiction over Trivest. There, the Sixth Circuit affirmed dismissal of a "controlling minority shareholder" for lack of personal jurisdiction because the plaintiff could not show purposeful availment. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271 (6th Cir. 1998). The point of the purposeful availment rule is to "ensure[] that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 1273. For that reason, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Id.* at 1274. To that end, "proof of ownership is insufficient to show purposeful availment." *Id.* Instead, a plaintiff must "provide sufficient evidence for [the court] to conclude that [the investor] is being brought into court for something that it has done, not just for something" done by the company defendant invested in. *Id.* But plaintiff there could muster nothing past ownership interest to meet this requirement. *Id.* at 1274-75. As a result, plaintiff could not meet due process' purposeful availment requirement. This "lack of purposeful availment [was] dispositive." *Id.* at 1275.

This Court should follow *Dean* and dismiss Plaintiffs' Complaint. The only non-conclusory allegations as to Trivest relate to its minority investment in PHS/PE. That is insufficient under *Dean* to demonstrate purposeful availment, thus requiring dismissal.

### b. Any alleged harm to Plaintiffs does not stem from Trivest's in-forum activities.

To satisfy due process, "plaintiff's cause of action must be proximately caused by the defendant's contacts *with the forum state*." *Beydoun*, 768 F.3d at 507-08 (emphasis added). To be a proximate cause, "the [alleged] conduct must have been a cause of the plaintiff's injury and the plaintiff's injury must have been the natural and probable result of the [alleged] conduct." *Means*, 836 F.3d at 642.

As discussed above, Trivest is not alleged to have performed any activities in any specific forum at all—much less any in-forum activities. Thus, no harm could have resulted therefrom. *See Dean*, 134 F.3d at 1275 (declining to analyze whether claims arose from defendant's contact with forum because plaintiff failed to provide evidence of "any activities" by defendant in forum).

Moreover, any actions by Trivest could not have proximately caused any harm to Plaintiffs. The only non-conclusory allegations as to Trivest relate to purchasing a minority stake in PHS/PE. *See* ECF No. 1, PageID 3, ¶ 6. It strains reason that the "natural" and "probable" result of an investment would result in harm to Plaintiffs. Indeed, the alleged proximate cause of Plaintiffs' injury is more fairly characterized as an allegedly fraudulent marketing campaign. But Trivest did not advertise home solar panels or sell Plaintiffs the systems. PHS/PE did. *See, e.g.*, *id.* ¶¶ 17 (A-E), 56-65. Trivest did not finance the sale of the systems. Third parties did.[3] *Id.* ¶ 55.

Plaintiffs' citation to an Inc.com article that states that Trivest "worked with the Powerhome team to optimize the customer journey from beginning to end, starting with the moment a potential client sees an advertisement and all the way through post-installation follow-ups" is similarly unavailing. *Id.* ¶ 44 n.5. The allegation is simply that Trivest worked with PHS/PE. It says nothing as to the conduct about which Plaintiffs complain, any alleged harm, or Ohio. This is not a substitute for specific factual allegations showing the substantial connection to Ohio necessary to satisfy due process. *See Dean*, 134 F.3d at 1274.

### c. The lack of connection to Ohio would make exercise of personal jurisdiction unreasonable.

The final assessment is whether the Ohio connection is substantial enough that exercising jurisdiction would be reasonable. *See Vesi Inc.*, 2020 WL 5231308, at *3. As discussed above, the primary Ohio-specific fact alleged is that Plaintiffs are Ohioans which, standing alone, is

---

[3]      As discussed in Section II.B., none of these actions can be attributed to Trivest.

insufficient to meet due process requirements. Thus, there is no connection with Ohio, much less any substantial one, such that exercising jurisdiction as to Trivest would be reasonable here.

### 2. The long-arm statute does not reach Trivest.

Ohio's long-arm statute allows for personal jurisdiction in several limited circumstances, such as transacting business, or engaging in tortious conduct, within the state.[4] *See* Ohio Rev. Code § 2307.382. However, the claims must arise from or relate to those contacts set forth in the statute. As described above, there is no forum-based conduct of Trivest. Thus, Ohio's long-arm statute cannot reach Trivest.

## II. The Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6).

### A. Legal Standard.

The Court may dismiss a claim when the plaintiff fails to plead facts on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zakora v. Chrisman*, 44 F.4th 452, 464 (6th Cir. 2022). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wamer v. University of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). This requires identification of "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *U.S. ex rel. Bledsoe v. Community Health Systems, Inc*., 501 F.3d 493, 504 (6th Cir. 2007).

---

[4]     Several other bases exist that do not appear to be at issue here. If Plaintiffs assert that they are, Trivest reserves their right to challenge such bases.

## B. All of Plaintiffs' claims fail because they attempt to attribute actions of third parties to Trivest.

The Complaint is clear: Plaintiffs did not contract with Trivest and have not paid anything to Trivest. Plaintiffs have never interacted with Trivest. Instead, Plaintiffs did so with PHS/PE.

In an attempt to skirt these undisputed facts, Plaintiffs seek to hold Trivest liable by lumping it together with other defendants from the outset, collectively referring to them as the "Pink Energy Group," *see, e.g.* ECF No. 1, PageID 3, ⁋ 8 ("Hereinafter, Pink Energy, Trivest, and Defendant Waller shall collectively be referred to as the "Pink Energy Group"), acting through an "agent/employee" of one or multiple defendants, *see, e.g.*, *id.* ⁋ 16 (defining "Pink Energy Agent/Employee" as "agent/employee of Pink Energy and/or Defendants Sunlight Tech CU, Trivest, and/or Waller").[5] This results in two problems: it is an impermissible attempt to disregard the corporate form, and it fails to plead sufficient factual material to support any agency theory of recovery.

Lumping all Defendants together is also fatal to Plaintiffs' fraud claims. *See United States v. Doyle*, 2022 WL 1186182, *5 (S.D. Ohio Apr. 21, 2022) ("[T]he prohibition on group pleading under Rule 9(b) prevents a plaintiff from simply lumping multiple defendants together without explaining each defendant's culpable role.").

---

[5] The use of "and/or" makes it unclear whether this purported "agent/employee" was related to a single defendant, all defendants, or just some of the defendants. A plausible reading would be that this "agent/employee" was just PHS/PE's alone and not Trivest's.

### 1. It is implausible that Trivest is fundamentally indistinguishable from PHS/PE.

Plaintiffs' attempt to hold Trivest liable is an inappropriate and insufficient attempt to disregard corporate formalities. "The principle that shareholders, officers, and directors of a corporation are generally not liable for the debts of the corporation is ingrained in Ohio law." *Dombroski v. WellPoint, Inc.*, 895 N.E.2d 538, 542 (Ohio 2008). The corporate form was introduced to protect shareholders by creating a division between the shareholder and the entity in which it holds shares. *See id.* Piercing the corporate veil is a "rare exception" that should only ever be applied under "exceptional circumstances" or where fraud is shown. *Id.* at 544. A breach of contract is not—and has never been—an exceptional circumstance sufficient to justify piercing the corporate veil. *See Ohio Edison Co. v. Frontier N. Inc.*, 2014 WL 6389564, *12 (N.D. Ohio Nov. 14, 2014) ("Courts prior to *Dombroski* did not consider a breach of contract action, without more, sufficient to justify piercing the corporate veil. . . . The modified standard in *Dombroski* has not changed this conclusion."). Because Plaintiffs' entire Complaint stems from an alleged breach of a contract between Plaintiffs and third parties, Plaintiffs cannot pierce the corporate veil and bring Trivest into this litigation. *See id.*

Regardless, Plaintiffs have not pleaded sufficient facts to pierce the corporate veil here. To meet the exceptional circumstance where piercing is appropriate, Plaintiffs must plead sufficient factual material to conclude that Trivest and PHS/PE are "fundamentally indistinguishable" entities, which they have not done. *Id.* at *9-10; *see also Oliver v. St. Luke's Dialysis, LLC,* 2011 WL 1326251, *6 (N.D. Ohio Apr. 5, 2011) (finding that plaintiff's failure to allege facts sufficient to pierce the corporate veil was fatal to plaintiff's claims against the defendant parent company). This requires an assessment of whether "(1) corporate formalities are observed, (2) corporate records are kept, and (3) the corporation is financially independent." *Ohio Edison*, 2014 WL

6389564 at *9. Courts in the Sixth Circuit also consider whether the two entities (1) share the same employees and corporate officers; (2) engage in the same business enterprise; (3) have the same address and phone lines; (4) use the same assets; (5) complete the same jobs; (6) fail to maintain separate books, tax returns, and financial statements; and (7) whether the parent company exerts control over the daily affairs of the other corporation. *Id.* at *9. None of these factors weigh in favor of Plaintiffs.

Plaintiffs here, like in *Ohio Edison*, have not sufficiently alleged that Trivest disregarded corporate formalities as to PHS/PE. *Ohio Edison*, 2014 WL 6389564 at *9-10. The Complaint alleges that PHS/PE is financially independent from Trivest—someone other than Trivest owns 75% of the company. This alone should doom Plaintiffs' attempt to pierce the corporate veil.

Plaintiffs have not alleged that the two entities comingled funds, used the same assets, or failed to maintain separate books. There is no factual allegation supporting the proposition that Trivest exerted control over the daily affairs of PHS/PE. Plaintiffs' primary allegation related to Trivest—and their ability to bring this suit against Trivest—is that Trivest made a monetary investment in PHS/PE. That allegation is insufficient to justify piercing the corporate veil. Therefore, the Court here, like in *Ohio Edison*, should find that Plaintiffs have failed to meet their burden to establish alter ego liability.

What is more, the allegations in the Complaint and the very materials that Plaintiffs relied on in bringing their claims support the above conclusion: Trivest and PHS/PE are anything but "fundamentally indistinguishable." *Oliver*, 2011 WL 1326251, at *6.

First, Count 12 of the Complaint seeks a declaration to disregard the corporate form only as it relates to Defendant Waller. ECF No. 1, PageID 31, ¶¶ 214-220. There is no such request as it relates to Trivest, conceding that there is no basis to do so. Moreover, Plaintiffs specifically and

unequivocally contend that it was Defendant Waller—not Trivest—that "has maintained and held himself out as maintaining hands-on control of the day-to-day operations" of PHS/PE. *Id.* ¶ 216.

Second, the Complaint admits that Trivest did not have control of PHS/PE—it was a minority investor with just 25% ownership.[6]  *See* ECF No. 1, PageID 3, ¶ 6.  Trivest simply invested money in PHS/PE.  *See* Inc.com Article, attached as Exhibit 1.[7]  This gave "*Powerhome* the capital required to hire more employees, increase its marketing budget and buy more solar panels." *Id.*  (emphasis added).  Trivest's team "worked with" PHS/PE's team on various aspects of its business model.  *See id.* This hardly resembles, and does not plausibly demonstrate, such a fundamental indistinguishability among the entities.  If anything, it only supports the allegation that it was Defendant Waller—not Trivest—controlling day-to-day operations of PHS/PE.

### 2. Plaintiffs have failed to plead any factual support for the agency theory of liability.

Plaintiffs have also not alleged any facts supporting their agency theory of liability.  As noted above, Plaintiff simply claims that there existed a "Pink Energy Agent/Employee" that was Trivest's "and/or" other defendants' agent or employee.  That is not enough.  *See Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2012 WL 1946645, at *3 (M.D. Tenn. May 14, 2021) ("The Second Amended Complaint uses the term 'agents' to refer both to Defendants acting as each other's agents and to the third-party telemarketers acting as Defendants' agents, thus failing to specify what exactly each actor allegedly did.").

The "primary distinguishing characteristic" of a principal-agent relationship is the right of

---

[6]     Plaintiffs make the baseless claim that *generally*, Trivest "prefers" to maintain controlling interests in the companies in which it invests.  *See* ECF No. 1, PageID 9, ¶ 42.  What Plaintiffs do not plead, nor can they plausibly plead, is that Trivest held a controlling interest *specifically in PHS/PE*.

[7]     Because Plaintiffs relied on this article in bringing their claims, Trivest may rely on it in moving to dismiss. *See Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364-65 (6th Cir. 2014).

the principal to control the conduct of the agent when the agent is performing work. *Sophia's Cure Inc. v. AveXis, Inc.*, 2017 WL 4541449, *6 (S.D. Ohio Oct. 10, 2017). Facts supporting such a relationship must be pleaded to survive a motion to dismiss. *See id.* at *5 (S.D. Ohio Oct. 10, 2017) (dismissing claims where only "explicit agency allegation" was that defendants were liable because third-party "acted as their agent").

In *The Wooster Brush Co. v. Bercom International, LLC*, plaintiff brought claims of deceptive trade practices, tortious interference with business relationships, disparagement, and unfair competition based on alleged patent infringement. 2008 WL 1744782, at *1 (N.D. Ohio Apr. 11, 2008). The sole factual allegations related to the tort claims were that "an authorized agent of [d]efendant" made certain statements about patent infringement to potential customers from plaintiff. *Id.* at *3. As a result of these statements, plaintiff claimed that it lost out on potential sales of its products. *See id.* All that this established, however, was that "someone spoke with [plaintiff]'s customers regarding infringement." *Id.* However, there was "no factual predicate to tie those comments to [defendant] through agency." *Id.* Accordingly, those claims all failed.

Just as in *The Wooster Brush Co.*, Plaintiffs have failed to allege any factual predicate to establish any sort of agency relationship between the "Pink Energy Agent/Employee" and Trivest. There is no factual material supporting a plausible conclusion that Trivest had anything to do with the "Pink Energy Agent/Employee," much less anything related to control. *See Murray v. Choice Energy, LLC*, 2015 WL 420 4398, at *5-6 (S.D. Ohio July 10, 2015) (dismissing claims for lack of factual predicate supporting actual and apparent agency theories of liability).

There is also no agency relationship between Trivest and PHS/PE such that Trivest could be held liable. As noted above, this would disregard the corporate form, and there was no right to control by Trivest. And simply having a business relationship, such as allegedly holding meetings

or providing marketing materials, does not establish any agency relationship. *See, e.g.*, *Barret-O'Neill v. Lalo, LLC*, 2014 WL 3895679, at *4 (S.D. Ohio Aug. 8, 2014). Nor does any allegation of "mere knowledge of another's actions" give rise to such a relationship. *Id.*

### C. Plaintiffs' claims also fail for independent reasons.

#### 1. Plaintiffs' breach of contract and breach of warranty claims fail because they never entered into a contract with Trivest.

"It is axiomatic that those not a party to a contract cannot be held liable for a breach of contract." *Ingle-Barr, Inc. v. E. Loc. Sch. Dist. Bd.*, 2011 WL 441314, *2 (Ohio. Ct. App. Jan. 27, 2011). Where a defendant is not a party to the contract, a breach of contract claim against that defendant fails as a matter of law. *Ohio Nat'l Life Assurance Corp. v. Crescent Fin. & Ins. Agency, Inc.*, 2016 WL 659153, *2 (S.D. Ohio Feb. 18, 2016) ("[P]laintiff must show that the defendant was a party to the contract before proceeding on a breach of contract theory.").

Trivest is not a party to any agreements with Plaintiffs as is evident from the Complaint. Plaintiff Gregory Bowe entered into a Sales Agreement with PHS/PE. ECF No. 1, PageID 3, ¶ 7; Solar Energy System Purchase & Installation Agreement (Doc. 1-2). She entered into a Loan Agreement with Technology Credit Union and Sunlight Financial LLC. *Id.* ¶ 7; Loan Summary (Doc. 1-3). Trivest's relationship with PHS/PE (a separate corporate entity) is irrelevant as it still does not make Trivest a party to the contract. *See Ingle-Barr, Inc.*, 2011 WL 441314 at *2 ("[W]e fail to see how that ownership alters the fact that Eastern is not a party to the contract.").

As such, the Court should dismiss Plaintiffs' contract and warranty claims against Trivest.[8]

---

[8]     As noted above, Plaintiffs lodge speculative and conclusory allegations that Trivest acted through PHS/PE's sales representative to be held liable for various claims here. To the extent that Plaintiffs' position is that Trivest is a party to the sales or financing contracts based on the allegations that it acted through another entity's employee/agent, Trivest reserves the right to make additional arguments related to these counts including, but not limited to, compelling arbitration.

## 2. Plaintiffs' negligence claim should be dismissed.

A plaintiff who has allegedly suffered only economic loss due to another's alleged negligent conduct "has not been injured in a manner which is legally cognizable or compensable." *Wells Fargo Bank, N.A. v. Fifth Third Bank*, 931 F. Supp. 2d 834, 840 (S.D. Ohio 2013). "Under Ohio law, the economic loss rule generally prevents recovery in tort of damages for purely economic loss." *Id.* "This rule is in place to ensure that parties to a contract remain free to govern their own affairs and cannot use tort claims to circumvent their agreed-upon allocation of economic risks and losses." *Id.* Plaintiffs may state a tort claim in addition to a breach of contract claim only where they are able to demonstrate that the defendant breached "a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Id.* at 839. Further, Plaintiffs "must include actual damages attributable to the wrongful acts of the alleged tortfeasor which are *in addition* to those attributable to the breach of the contract."

Here, Plaintiffs' Complaint fails on both fronts. Plaintiffs contracted for goods, and they now seek to recover based on their alleged disappointment in the performance of the goods. This is the classic situation which the economic loss rule bars. Plaintiffs have failed to plead a separate duty and failed to include damages in addition to those attributable to the breach of contract.

The Court should thus dismiss Plaintiffs' negligence claim for this reason.

## 3. Plaintiffs' civil conspiracy claim should be dismissed.

Plaintiffs' civil conspiracy cause of action is riddled with impermissible conclusory allegations against Trivest. *See* ECF No. 1, PageIDs 28-29, ¶¶ 197, 198, 201. Plaintiffs allege that Defendant Trivest "was aware of the misconduct being undertaken by Pink Energy," "was engaging in furthering Pink Energy['s] . . . scheme," and that its conducts was "knowing, intentional, reckless, and malicious." *Id.*

These bare allegations do not supply facts adequate for a civil conspiracy claim. An

essential element for a claim for conspiracy is an agreement. *See Collins v. Nat'l City Bank*, 2003 WL 22971874, *5 (Ohio Ct. App. Dec. 19, 2003) (affirming dismissal of a civil conspiracy claim because complaint alleged no operative facts constituting an agreement between the parties to participate in the alleged activity). But all that the Complaint here alleges is that Trivest was "aware" of the misconduct being undertaken by a third party. There is no allegation—factual or conclusory—that there was any agreement among the alleged conspirators to further their alleged bad acts. Thus, an essential element is missing from their Complaint, even at a conclusory level.

Moreover, "Ohio law does not recognize civil conspiracy as an independent cause of action." *Woods v. Sharkin*, 192 N.E.3d 1174, 1195 (Ohio. Ct. App. 2022). A "plaintiff's failure to show the existence of an unlawful act independent from the actual conspiracy is fatal to [their] civil conspiracy claim." *Id.* Where plaintiffs "otherwise fail[] to state a viable tort claim, [their] civil conspiracy claim likewise fails as a matter of law." *Id.*

As explained further herein, Plaintiffs have pleaded no facts supporting any independent tort. Accordingly, Plaintiffs' civil conspiracy claim fails from the start and should be dismissed.

### 4. Plaintiffs' negligent selection/retention of training claim against Trivest should be dismissed.

An *employment relationship* between Trivest and PHS/PE employees is a necessary element for a successful negligent selection and retention claim. *See Saavedra v. Mikado Japanese Steak House & Sushi*, 2015 WL 930201, *2 (Ohio. Ct. App. 2015). Such an employment relationship does not exist here.

As discussed above, Trivest was a minority investor in PHS/PE, not a direct employer of PHS/PE employees that can be held liable for PHS/PE's actions. *See* Section II.B. The Complaint's own allegations demonstrate the conclusory nature of any employment relationship here. The Complaint cannot even identify which defendant is the alleged employer of the

salesperson who visited Plaintiffs. The Complaint simply pleads in conclusory fashion that he or she was an employee or agent of PHS/PE "and/or" every other defendant. This is not enough. *See Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 623 (S.D. Ohio 2011) (dismissing negligence claims where there were no factual allegations supporting employment relationship).

The missing employment relationship between Trivest and PHS/PE sales employees warrants dismissal of this claim.

### 5. Plaintiffs' fraudulent misrepresentation and inducement/execution claims against Trivest should be dismissed.

Plaintiffs' claim for fraudulent misrepresentation "constitutes a fraud claim that must be pled with particularity." *Spit Shine A One Detailer, L.L.C. v. Rick Case Hyundai*, 100 N.E.3d 1231, 1237 (Ohio Ct. App. 2017); *see also* Fed. R. Civ. P. 9(b). The same goes for claims of fraud in the inducement/execution. *Lesniak v. Mission Essential Pers., LLC*, 2013 WL 12123905, *3 (S.D. Ohio June 4, 2013); *see also* Fed. R. Civ. P. 9(b).

But Plaintiffs have not made any factual allegations with such particularity against Trivest. Plaintiffs do not identify any communications by anyone at Trivest to Plaintiffs, much less who was involved, what was said, and when it was said. Nor does the Complaint even identify the general subject matter of what Trivest may have said. Nor can they. Plaintiffs never interacted with Trivest at all. This requires dismissal of both claims.

The particularity standard for fraudulent misrepresentation further requires a plaintiff to identify the contractual relationship between plaintiff and each defendant. *Spit Shine* 100 N.E.3d at 1234-35 (affirming grant of a motion to dismiss fraudulent misrepresentation claim against a parent company because there was no contract between plaintiff and the parent company, only the subsidiaries). There is no allegation that Trivest entered into a contract with Plaintiffs, requiring dismissal. There is no allegation that Trivest represented—much less misrepresented—anything

to Plaintiffs. There exist zero non-conclusory allegations that support a fraudulent misrepresentation claim against Trivest, and this claim should be dismissed.

### 6. Plaintiffs' stand-alone punitive damages claim should be dismissed.

Plaintiffs' Complaint attempts to request punitive damages against Trivest for three causes of action: fraudulent misrepresentation, civil conspiracy, and negligent selection/retention and training. ECF No. 1, PageID 33, ¶¶ 223, 225, 226. But because those three claims are due to be dismissed for failure to state a claim upon which relief can be granted, Plaintiffs' claim for punitive damages should also be dismissed.[9] *Avery v. Rossford, Ohio Transp. Improvement Dist.*, 762 N.E.2d 388, 396 (2001) (dismissal of punitive damages claim where predicate claims failed).

### III. The Court should dismiss Plaintiffs' Complaint under the first-to-file rule.

The Court should invoke the first-to file-rule here and dismiss Plaintiffs Complaint. On November 13, 2022, a nationwide class action, *Aaron Hall, et al., v. Trivest Partners L.P. et al.*, Case 4:22-cv-12743, was filed in the United States Eastern District of Michigan raising substantively similar allegations against Trivest as those raised in the present case.

The "first-to-file" rule is a "well-established doctrine that encourages comity among federal courts of equal rank." *Peters v. Inmate Servs. Corp.*, 2018 WL 9869732, at *2 (N.D. Ohio Jan. 11, 2018). When litigation "involving nearly identical parties and issues have been filed in two different district courts the court in which the first suit was filed should generally proceed to judgment." *Id*. (citations omitted). Courts consider three factors: (1) chronology of the actions, (2) similarity of the parties and issues involved, and (3) certain equitable considerations. *See id*. Equitable considerations that weigh against application of the rule include "extraordinary

---

[9]     Moreover, Plaintiffs' "count" for punitive damages is not a claim for relief, it is simply a requested remedy. *See Horner v. Toledo Hosp.*, 640 N.E.2d 857, 861 (Ohio Ct. App. 1993). This also requires dismissal.

circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Aero Advanced Paint Tech. v. Int'l Aero Prods., LLC*, 351 F. Supp. 3d 1067, 1072 (S.D. Ohio 2018). The court in the later-filed actions has four options: dismiss without prejudice, transfer to the district of the first-filed case, stay proceedings pending the first-filed case, or proceed forward. *Peters*, 2018 WL 9869732, at *2. As the Northern District of Ohio has explained, application is discretionary; however, "the rule's importance should not be disregarded lightly." *Smithers-Oasis Co. v. Clifford Sales & Mktg.*, 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002).

The first inquiry looks at the calendar and when each original complaint was filed. *See NCR Corp. v. First Fin. Computer Servs., Inc.*, 492 F. Supp. 2d 864, 866-67 (S.D. Ohio July 5, 2007) (transferring under first-to-file doctrine). Plaintiffs' Complaint was filed on December 7, 2022—almost a month after *Hall* was filed. *See* ECF No. 1, PageIDs 1-34, ¶¶ 1-228. For similarity of parties, membership in a putative class can satisfy this requirement. *See Peters*, 2018 WL 9869732, at *2-3 (noting that plaintiff would "likely be a member" of at least one putative class). Moreover, the causes of action do not need to be identical. *See NCR Corp.*, 492 F. Supp. 2d at 867 ("[T]the fact that the [other] suit . . . involves 'NCR's use, not First Financial's use, of NCR's diagnostic software' is a distinction without a difference. The substantially overlapping issues in the two cases concern who [NCR or First Financial] may properly use [certain software] . . . .").

The broad, nationwide class definition in *Hall* includes "[a]ll persons in the United States who purchased a home solar system from Power Home Solar, LLC (including d/b/a Pink Energy) at any time since January 1, 2018." *Aaron Hall, et al., v. Trivest Partners L.P. et al.*, Case 2:22-cv-12743-LJM-CI. Plaintiffs fall squarely within this class. The gist of both the *Hall* action and this one is the same. Both actions are about the purchase of home solar systems from PHS/PE, even if the two complaints have different causes of action. Both name Waller as a defendant. The

alleged facts giving rise to both actions are the same—allegations of disappointed economic expectations in the products. Indeed, resolution of the nationwide class action would have the ability to resolve both this case and other related cases pending before this Court.

The Court should dismiss Plaintiffs' Complaint without prejudice under the first-to-file rule, or alternatively, stay this action pending the resolution of the *Hall* nationwide class action.

## CONCLUSION

The Court should dismiss Plaintiffs' claims against Trivest with prejudice.

Dated this 21st day of March, 2023.

Respectfully Submitted

*/s/ Trevor G. Covey*
Trevor G. Covey (0085323)
Nora K. Cook (0086399)
BENESCH, FRIEDLANDER, COPLAN &
  ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Tel.: 216.363.4500
Fax: 216.363.4588
tcovey@beneschlaw.com
ncook@beneschlaw.com

R. Trent Taylor (*pro hac vice forthcoming*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1182
rtaylor@mcguirewoods.com

*Attorneys for Defendant Trivest Partners, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2023, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Trevor G. Covey*
Attorney for Defendant Trivest Partners, L.P.