# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GREGORY AND REBEKAH BOWE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:22-CV-04266 |
| ) | |
| CROSS RIVER BANK, *et al.* ) | |
| ) | Chief Judge Algenon L. Marbley |
| Defendants. ) | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT TRIVEST PARTNERS, L.P.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs' Opposition to Trivest Partners, L.P.'s ("Trivest") Motion to Dismiss ("Opposition") is loaded with misapprehensions of law and fact. For instance, Plaintiffs allege that they "entered into a contract with Trivest" throughout their Opposition, apparently forgetting that they attached the actual Solar Energy System Purchase and Installation Agreement ("Contract") to their Complaint. And that Contract, as all can see, is only between Plaintiffs and Power Home Solar LLC ("PHS/PE"). Trivest is not mentioned *anywhere* in that Contract. Thus, it is an unquestionable fact that Plaintiffs did not enter a contract with Trivest. And there are many other examples of unsupported "exaggerations" that border on outright falsehoods in Plaintiffs' Opposition.

Plaintiffs' Complaint failed to state a claim against Trivest. They cannot avoid a Rule 12 dismissal by adding new purported factual statements in their Opposition that are conclusory and contrary to both established facts and their own allegations in the Complaint. The Court should dismiss with prejudice all of Plaintiffs' claims against Trivest.

**I.     The Court should disregard Plaintiffs' improper inclusion of newly alleged "facts" found nowhere in the Complaint—especially those contradicted by Plaintiffs' documents and their own pleaded allegations.**

Recognizing that their Complaint failed to sufficiently connect their allegations to Trivest, Plaintiffs attempt to add new purported factual statements for the first time in their Opposition. They state, for example, that Trivest (despite only being a minority investor in PHS/PE) was involved in "targeting and personally soliciting Ohio residents to buy faulty solar panels," that "Plaintiffs entered into a contract with Trivest," and that "Trivest, by itself . . . falsely represented the nature and quality of the solar panel systems to Plaintiffs." ECF No. 10, PageIDs 129, 134. None of these purported factual statements appear in the Complaint. *See* ECF No. 1, PageIDs 1-33. Introducing purported "facts" that go beyond those pleaded in the complaint is improper and cannot help avoid dismissal under Rule 12. *See, e.g., Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 645 (N.D. Ohio 2014) ("[I]t is hornbook law that a complaint cannot be amended by briefs in opposition to a motion to dismiss."); *Metro Prop. & Cas. Ins. Co. v. Pest Doctor Sys., Inc.*, No. 3:14-cv-143, 2014 WL 2855003, at *5, n. 2 (S.D. Ohio June 23, 2014) ("The Court agrees with Defendant that Plaintiff cannot amend its Complaint in a response brief."). Thus, these new statements—that Plaintiffs rely on heavily in their Opposition—should be disregarded.

In addition, these new statements of purported fact are contradicted by Plaintiffs' own documents. Plaintiffs attached the Contract to their Complaint, and the Contract does not mention Trivest at all. The Contract provides that it was only between Plaintiffs and PHS/PE. It further shows that the "Contractor" that "provided [information] to Buyer at (or before) the time of sale" is "Power Home Solar LLC." ECF No. 1-1, PageID 35. Thus, pursuant to the terms of the Contract, it was only PHS/PE and its employees that interacted with, solicited, made representations to, and contracted with Plaintiffs—not Trivest. "When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."

2

*Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017). This is yet another reason why the Court should disregard Plaintiffs' new statements in their brief.

Plaintiffs' new statements contradict not only the Contract, but also what they alleged in their Complaint. For instance, Plaintiffs in their Opposition state that "Trivest by itself . . . falsely represented the nature and quality of the solar panel system to Plaintiffs." ECF No. 10, PageID 134. Yet in support of their claim under the Ohio Consumer Protection Act, Plaintiffs alleged that only "Pink Energy and/or Defendant Waller committed unconscionable, unfair, and unlawful acts and practices." ECF No. 1, PageID 27, ¶ 178. Plaintiffs' only quibble with Trivest is that as "an owner of Pink Energy [it] was aware of the misconduct being undertaken" by others. ECF No. 1, PageID 27, ¶ 182. Even if true,[1] being aware of allegedly false representations is not the same as making those representations. Thus, Plaintiffs' statements in their Opposition that Trivest made such false representations is inaccurate and should be disregarded.

Indeed, a close look at Plaintiffs' Complaint reveals that the allegations against Trivest do not support Plaintiffs' theory that "Trivest played an active role in designing and executing a scheme to sell defective solar panels." ECF No. 10, PageID 128. Plaintiffs alleged at least five times that Trivest is liable because it is a partial owner of Pink Energy. ECF No. 1, PageIDs 15, 16-19, 24, ¶¶ 90, 95, 109, 121, 158 ("As partial owners of Pink Energy, and in their individual capacities, Defendants Waller and Trivest were complicit with Pink Energy and are liable for the breach of contract."). Elsewhere, Plaintiffs alleged on at least three occasions that Trivest is liable because it was "aware of" the misconduct that other defendants engaged in. ECF No. 1, PageIDs 27, 29-31, ¶¶ 182, 197, 209 ("Upon information and belief, Defendant Trivest was aware of the

---

[1] Trivest denies that it was aware of any such allegedly false representations or any other alleged misconduct.

3

negligent conduct being undertaken by Pink Energy, Tech CU and/or Sunlight employees."). Being a partial, minority owner and allegedly aware of misconduct does not mean Trivest had "an active role." These allegations are instead consistent with the points Trivest made in its Motion to Dismiss: that Plaintiffs have failed to meet their burden to sufficiently allege that Trivest itself engaged in any actionable conduct toward Plaintiffs. Instead, Plaintiffs rely on an impermissible bootstrapping theory that seeks to attribute any alleged action by one defendant to all the others with no factual support.

In short, Plaintiffs failed to plead sufficient factual allegations against Trivest. Instead, they rely on a host of conclusory statements, lacking any supporting details, such as "Defendant Trivest undertook all or a substantial portion of Pink Energy's recruitment and hiring responsibilities." ECF No. 1, PageID 25, ¶ 162. Ultimately, Plaintiffs ask the Court to treat their bald allegations—some of which have been shown to be false—as enough to pass muster under Rule 12. ECF No. 10, PageID 135. As explained in Section III, however, these allegations are insufficient to state a claim. The Court should dismiss Plaintiffs' claims against Trivest.

**II.     The Court lacks personal jurisdiction over Trivest.**

Plaintiffs concede that no general personal jurisdiction exists over Trivest. *See* ECF No. 10, PageID 132. At issue then is whether Plaintiffs established specific jurisdiction over Trivest by satisfying the three-pronged constitutional analysis and the long-arm statute. They did not, and the Court should dismiss.

**A.     Plaintiffs failed to show purposeful availment and ignore on-point precedent.**

*Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269 (6th Cir. 1998), demonstrates why Plaintiffs failed to establish Trivest's purposeful availment of Ohio. *Dean* held that even a

*controlling* ownership interest[2] in a subsidiary subject to personal jurisdiction is not enough to establish personal jurisdiction over the owner. *Id.* at 1273-74 ("Although Accor does have a controlling interest in Motel 6 Operating, a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction."). Yet that is all Plaintiffs specifically pleaded about Trivest to try to show purposeful availment. *See* ECF No. 1, PageID 9, ¶ 42; *see also CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (proper to dismiss for lack of personal jurisdiction if "the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction").

Plaintiffs turn a blind eye to *Dean*, not once attempting to explain why it does not control here. Instead, they peddle an argument that the Sixth Circuit already rejected in *Dean*. Plaintiffs rely on vague allegations and a news article that they say satisfy their prima facie burden to show personal jurisdiction. ECF No. 10, PageIDs 132-33. This tactic is no different than in *Dean*. There, the plaintiff tried to show specific personal jurisdiction over a parent company by citing the parent's annual report, which referred to the company as "operating" 2,265 hotels worldwide, including the subsidiary at issue. *Dean*, 134 F.3d at 1273-74. The report listed "further improving [the subsidiary's] performance" as a goal for the following year. *Id.* Additionally, an internal report made shortly after the parent acquired the subsidiary, listed the goal "to adapt proper communication and integration with [the subsidiary]." *Id.* The Sixth Circuit rejected these "vague pronouncements that are not inconsistent with [Plaintiffs'] inferences, but hardly constitute prima facie evidence of purposeful availment." *Id.* "Although [a court is] required to consider the evidence in a light most favorable to [a plaintiff], no light can be so favorable as to somehow close

---

[2]  Trivest was a minority shareholder of PHS/PE. Plaintiffs did not and cannot plead that Trivest had a controlling interest in PHS/PE.

5

these evidentiary gaps." *Id.* Indeed, if the *Dean* court found that there was no personal jurisdiction there when the defendant held a controlling interest, that same result should apply here given that Trivest only owns a minority interest in PHS/PE.

*Dean* refutes Plaintiffs' attempt to establish personal jurisdiction over Trivest. Even taking as true all the hearsay information in the Inc.com article, that article simply indicates that Trivest is engaging in typical investor activities, like providing capital and lines of credit for expansion, helping revamp the way PHS/PE measured internal objectives, and providing feedback on business strategies—and nothing more. ECF No. 1, PageID 9, ¶ 44 n.5; *see also How This Florida PE Firm Helped a Solar Business Grow 15X*, www.inc.com/kevin-j-ryan/powerhome-trivest-solar-private-equity-growth.html (visited April 24, 2023) ("Trivest helped Powerhome establish a more robust financial reporting system and revamp the way it created and measured internal objectives.").[3] This type of activity does not show Trivest's purposeful availment of Ohio.[4] *See Dean*, 134 F.3d at 1273-74.

In addition, Plaintiffs in their Complaint admit the true basis of their dispute with Trivest: that Trivest was a "partial owner" of Pink Energy and thus was "complicit with Pink Energy's fraudulent scheme." ECF No. 1, PageID 16, ¶ 95. Plaintiffs recite this allegation at least five times in their Complaint. *Id.* at ¶¶ 90, 95, 109, 121, 158. Elsewhere, Plaintiffs allege that Trivest "was aware of the misconduct being undertaken by Pink Energy, Defendant Waller, [and other defendants]." *Id.* at ¶¶ 182, 197, 209. Neither of these passive activities—partial, minority

---

[3] Because Plaintiffs relied on this article in bringing their claim, Trivest may rely on it in this reply. *See Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364-65 (6th Cir. 2014).

[4] Similarly, Plaintiffs cite several paragraphs from the Complaint that purportedly show Trivest's "hands-on approach." ECF No. 10, PageID 133. Many of these paragraphs do not contain specific, plausible allegations against Trivest, and none show Trivest's purposeful availment of Ohio.

6

ownership with no controlling interest, and alleged awareness of misconduct—rise to the level of purposeful availment of Ohio.

Because Plaintiffs failed to establish Trivest's purposeful availment of Ohio, the Court cannot exercise specific personal jurisdiction over Trivest. Plaintiffs' claims against Trivest should be dismissed.

      **B.**    **Plaintiffs conceded their failure to satisfy the other prongs of the specific jurisdiction analysis by not responding to those arguments.**

In disputing personal jurisdiction, Trivest also argued: (1) Plaintiffs failed to show that Plaintiffs' causes of action arise out of Trivest's alleged Ohio activities; (2) the exercise of jurisdiction would be unreasonable; and (3) Ohio's long-arm statute does not permit jurisdiction over Trivest. ECF No. 8, PageIDs 105-107. Plaintiffs fail to respond to any of these arguments and therefore concede and waive these issues. *Wood v. U.S. Bank National Assoc.*, No. 5:17-cv-2234, 2019 WL 1255229, *3 (N.D. Ohio Mar. 19, 2019) ("A party waives opposition to an argument by failing to address it in her responsive brief."); *see also Bushong v. Delaware City Sch. Dist.*, No. 2:19-cv-858, 2020 WL 419754, *7 (S.D. Ohio Jan. 27, 2020) (collecting cases). The Court should therefore dismiss for lack of personal jurisdiction on these alternative grounds. *See, e.g., Induction Therapies, LLC v. Ingenes, LLC*, No. 3:20-cv-382, 2021 WL 1535374, *2-5 (W.D. Ky. Mar. 9, 2021) (finding that the plaintiff waived opposition to an argument on personal jurisdiction by failing to respond and "[o]nce the Court has determined that it does not have personal jurisdiction over the defendants, it must either dismiss or transfer the case.").

**III.**    **Plaintiffs fail to state a claim against Trivest upon which relief can be granted.**

      **A.**    **All claims against Trivest fail because Plaintiffs improperly attempt to attribute actions of third parties to Trivest.**

Plaintiffs agree "that an individual person or company is liable for *its own* conduct." ECF No. 10, PageID 133 (emphasis added). Yet, Plaintiffs disregard this principle, asking the Court to

ignore corporate formalities and attribute the actions of third parties to Trivest. *See, e.g.*, *id.* (attributing the "hard sale tactics" used by PHS/PE employees to Trivest). The Court should adhere to the principle that a party is responsible for its own actions, not the actions of others, and dismiss all claims against Trivest.

Rather than trying to hold Trivest liable for its own actions, Plaintiffs conclusorily lump Trivest together with other parties under the term "Pink Energy Group," and plead conclusory theories of agency. Trivest extensively detailed why neither strategy is sufficient to state a claim against Trivest for the actions of others. *See* ECF No. 8, PageIDs 108-113.

Plaintiffs ignore these fatal issues and the substantial authority cited by Trivest. *See* ECF No. 10, PageIDs 133-34. Plaintiffs' arguments instead boil down to a generalized gloss of their allegations that *still* try to make Trivest liable for the alleged actions of "other named defendants" by conclusorily lumping these separate entities together. *Id.* And while Plaintiffs claim there are "detailed allegations" that support their legal conclusion of agency, *id.* at PageID 134, Plaintiffs cite no such facts—because none were pleaded. The Court should therefore dismiss all claims against Trivest.

**B.    Plaintiffs' breach of contract and breach of warranty claims fail because they never executed a contract with Trivest.**

Plaintiffs brought contract claims against Trivest when the very contract at issue—the Contract attached to the Complaint—makes crystal-clear that Trivest was *not* a party to the contract, as discussed above in Section I. ECF No. 1-1, PageIDs 35-60. To acknowledge that Trivest is not a party to the Contract is to establish why Plaintiffs' breach of contract and warranty claims fail. *See Ingle-Barr, Inc. v. E. Loc. Sch. Dist. Bd.*, Nos. 10CA-808, 10CA-809, 2011 WL 441314, *2 (Ohio Ct. App. Jan. 27, 2011) (holding that there can be no breach of contract claim against a party who did not contract).

In response, Plaintiffs declare that their bare allegations that Trivest was a party to the Contract (because Plaintiffs alleged that "the Pink Energy Group" entered a contract) are enough to survive a motion to dismiss. ECF No. 10, PageID 135. Plaintiffs misstate the law. "The law is clear that courts may consider a document which was attached to the complaint in determining whether dismissal is proper." *Cates*, 874 F.3d at 536. "When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Id.* The Contract trumps Plaintiffs' allegations and shows that Trivest was not a contracting party.

Plaintiffs thus have no breach of contract or warranty claim against Trivest. The Court should therefore dismiss those claims against Trivest.[5]

C. **Trivest did not raise a statute of limitations argument under the Ohio Consumer Sales Practices Act ("CSPA") in its Motion to Dismiss.**

Plaintiffs' Opposition discusses the two-year statute of limitations under the CSPA. ECF No. 10, PageIDs 135-36. Plaintiffs argue that "Trivest incorrectly asserts that the Plaintiffs' statute of limitations for their CSPA claim began to run when the sales agreement was signed." *Id.* at PageID 135. But Trivest did not raise a statute of limitations argument in its Motion to Dismiss for this case. *See* ECF No. 8, PageIDs 98-120.

The Court should thus disregard Subsection III(D) of Plaintiffs' Opposition as irrelevant.

D. **Plaintiffs' negligence claim should be dismissed.**

Ignoring the cases against them, and citing no case law to support their position, Plaintiffs try to save their negligence claim by pointing to just two words in their Complaint: "property damage." *See* ECF No. 10, PageID 136. This is a conclusory allegation that does not merit any presumption of truth under *Twombly* and *Iqbal* because it provides no detail about the alleged

---

[5] Counts 5 and 6 also seek relief related to the Contract to which Trivest is not a party. Because the Contract makes clear that Trivest was not a contracting party, the Court should also dismiss these Counts against Trivest.

property damage. *See Dixon v. Williams*, No. 1:19-cv-176, 2019 WL 3936682, *12 (S.D. Ohio Aug. 20, 2019), *report and recommendation adopted*, No. 1:19-cv-176, 2019 WL 4413258 (S.D. Ohio Sept. 16, 2019) ("Plaintiff fails to specify the manner in which he has been "damaged," and the undersigned finds a lack of sufficient factual detail concerning such "damage" to be one of several reasons for the Court's conclusion that Plaintiff has failed to satisfy *Iqbal*/*Twombly* standards or to state any claim.").

Indeed, the "property damage" must be referring to "problems with Plaintiffs' solar system" that Plaintiffs allege in their Complaint. *See, e.g.*, ECF No. 1, PageIDs 13-14, ¶¶ 74, 75, 79, 81, 82. There are no allegations referring to any other "property damage" in the Complaint. The economic loss rule is in place to prevent precisely what Plaintiffs are trying to do here. "This rule is in place to ensure that parties to a contract remain free to govern their own affairs and cannot use tort claims to circumvent their agreed-upon allocation of economic risks and losses." *Wells Fargo Bank, N.A. v. Fifth Third Bank*, 931 F. Supp. 2d 834, 840 (S.D. Ohio 2013).

Moreover, Plaintiffs' argument that their allegation that they suffered "loss of use of their property" negates any application of the economic loss doctrine is simply wrong. ECF No. 10, PageID 136. Their citation to Baldwin's Ohio Practice Tort Law § 78.233 (2d. ed.) lends no support to their position. This section of Baldwin's merely states that an owner who loses use of personal property can sometimes recover damages. *Id*. This section says nothing about the economic loss doctrine. *See id*. To the contrary, many cases hold that the economic loss doctrine bars those types of "loss of use" damages. *See, e.g., Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905-06 (8th Cir. 2013); *Auto-Owners Ins. Co. v. Se. Car Wash Sys.*, 184 F.Supp. 3d 625, 630 (E.D. Tenn. 2016). Thus, the Court should reject Plaintiffs' argument that alluding to "loss of use" damages avoids the economic loss doctrine.

Moreover, even if simply pleading "property damage" (including "loss of use" damages or otherwise) was an adequate allegation for Rule 12 purposes, Plaintiffs still have not pleaded their negligence claim outside the economic loss rule. To avoid the economic loss rule, Plaintiffs would need to plead facts establishing that this purported property damage *did not* result from the alleged breaches of contract. *See Wells Fargo*, 931 F. Supp. at 839 ("[A] tort claim arising out of a breach of contract must include actual damages attributable to the wrongful acts of the alleged tortfeasor which are in addition to those attributable to the breach of the contract."). They did not do so. As a result, Plaintiffs' negligence claims fail under the economic loss rule. *See id.* (explaining that plaintiff's negligence claim is insufficient because it fails to allege actual damages beyond the loss attributed to the breach of contract claim).

For each of these reasons, the Court should dismiss Plaintiffs' negligence claim.

### E. Plaintiffs' civil conspiracy claim should be dismissed.

Plaintiffs lack legal support to keep their civil conspiracy claim alive, and they fail to address the controlling authority advanced by Trivest. To respond to the argument that they failed to plead nonconclusory, supporting facts, Plaintiffs point to a conclusory allegation that all the defendants "conspired" to facilitate the sale of solar systems. ECF No. 10, PageID 137. Plaintiffs argue that this allegation "easily meet[s]" the notice-pleading standard for a civil conspiracy claim. *See id.* They are wrong. "[A] conspiracy must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *Ghaster v. City of Rocky River*, No. 1:09-cv-2080, 2010 WL 2802685, *11 (N.D. Ohio May 12, 2010) (quoting *Avery v. City of Rossford*, 762 N.E.2d 388 (Ohio Ct. App. 2001)). "[C]onclusory language void of specific factual allegations [is] insufficient to support a conspiracy theory claim." *Id.* (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984)). Plaintiffs'

11

allegation that the defendants "conspired together," unsupported by material facts, is insufficient to state a civil conspiracy claim. *See Fulmer v. Myers*, No. 2:16-cv-79, 2016 WL 4208143, *5 (S.D. Ohio Aug. 10, 2016); *see also, e.g.*, *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 774 (E.D. Mich. 2013) ("[M]ere conclusory allegations of conspiracy (i.e., a bare allegation that defendants "conspired" with each other) are insufficient to state a claim."). The Court should therefore dismiss Plaintiffs' civil conspiracy claim.

### F. Plaintiffs' negligent selection/retention and training claim against Trivest should be dismissed.

Here again, Plaintiffs' allegations against Trivest as to negligent selection/retention and training are entirely conclusory. *See* ECF No. 8, PageIDs 115-16. An *employment relationship* between Trivest and PHS/PE employees is a necessary element for a successful negligent selection and retention claim. *See Saavedra v. Mikado Japanese Steak House & Sushi*, No. 14AP-757, 2015 WL 930201, *2 (Ohio. Ct. App. Mar. 5, 2015). Such an employment relationship does not exist here, and one has not been sufficiently pleaded. *See* ECF No. 1, PageIDs 1-33. Plaintiffs have not even identified the actual employer of any employees referenced in the Complaint, nor can they link a single employee to a single employer. Instead, Plaintiffs make sweeping allegations that assign all Defendants the "employer" title. *See, e.g.*, *id.* at ¶ 165 ("Plaintiffs state that Pink Energy and Defendants breached their duty to Plaintiffs in failing to exercise reasonable care in hiring and failing to properly train the employees who advised Plaintiffs regarding the sale of the solar system."). In fact, in their Opposition, Plaintiffs claim that they pleaded adequate facts by citing Paragraph 16 of the Complaint, which is an inadequate, conclusory assertion that "an agent/employee" of an unspecified Defendant[6] "accepted and scheduled an appointment." ECF

---

[6] Plaintiffs pleaded that some unknown individual was "an agent/employee of Pink Energy *and/or* Defendants Sunlight, Tech CU, Trivest, *and/or* Waller." ECF No. 1, PageIDs 4-5, ¶ 16 (emphasis added). This confusing, ambiguous use of "and/or" is insufficient under Rule 12.

No. 1, PageIDs 4-5, ¶ 16; *see also* ECF No. 10, PageID 137. Such conclusory allegations are insufficient. The Court should dismiss Plaintiffs' negligent selection/retention and training claim.

### G. Plaintiffs' fraudulent misrepresentation and inducement/execution claims against Trivest should be dismissed.

Plaintiffs argue that they "painstakingly detail the false representations that Trivest and its agents made" to them. ECF No. 10, PageID 139. Yet the Complaint fails to plausibly plead that Plaintiffs ever interacted with Trivest—much less plead what was said, when it was said, and who was involved. *See* ECF No. 1, PageIDs 1-33. The Complaint also fails to show an agency relationship between Trivest and any of the PHS/PE employees Plaintiffs interacted with (as addressed in Trivest's original motion and earlier in this reply). *See id.* Rather than providing painstaking detail, Plaintiffs' allegations against Trivest are entirely conclusory. The Court should dismiss Plaintiffs' fraud in the inducement/execution claim.

### H. Plaintiffs' stand-alone punitive damages claim should be dismissed.

By failing to defend their punitive damages claim, Plaintiffs have abandoned it. *See, e.g.*,

---

"Plaintiffs in federal court are permitted to plead in the alternative, but they are not permitted to plead in the ambiguous." *J & J Sports Productions, Inc. v. Torres*, No. 6:09-cv-391, 2009 WL 1774268, *3 (M.D. Fla. June 22, 2009) (dismissing claims that used "and/or" to describe the underlying conduct, because at least one scenario encompassed by the "and/or" did not state facts creating liability against the defendant). Using "and/or" creates ambiguity because the pleader "lump[s]" the entire list together by using "and," yet simultaneously "disjoin[s]" them by using "or." *Mitsubishi Heavy Industries, Ltd. v. General Elec. Co.*, No. 6:10-cv-812, 2012 WL 831525, *2 (M.D. Fla. Mar. 12, 2012). As a result, using "and/or" in a list without further factual enhancement is insufficient under Rule 12. *See, e.g.*, *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, *1329 (Fed. Cir. 2009) (use of "and/or" to group multiple defendants "fails to identify the 'who'" in a pleading); *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, *3 & n.5 (D.N.J. Dec. 16, 2015) (granting motion to dismiss because allegation that "eight named [d]efendants are collectively alleged to have owned, leased, operated, occupied, maintained, managed and/or otherwise controlled the Ship and/or the Port" failed to plead facts about which defendant engaged in which alleged act); *Drew Technologies, Inc. v. Robert Bosch, L.L.C.*, No. 12-15622, 2014 WL 562458, *3 (E.D. Mich. Feb. 13, 2014) (granting motion to dismiss based on insufficiently pleaded facts when counterclaim used "and/or" to list potential defendants who engaged in liable conduct). This is yet another reason why Plaintiffs failed to adequately plead that Trivest is liable for the alleged conduct of an agent/employee.

*Aim Leasing Co. v. RLI Corp.*, No. 4:14-cv-2161, 2015 WL 2016909, *5 (N.D. Ohio Apr. 30, 2015) ("[C]laims left to stand undefended against a motion to dismiss are deemed abandoned."); *USA Parking Sys., LLC v. E. Gateway Cmty. Coll.*, No. 4:20-cv-1967, 2022 WL 312230, *5 (N.D. Ohio Feb. 1, 2022) ("Where a party fails to respond to an argument in a motion to dismiss the Court assumes he concedes this point and abandons the claim."). And, in any event, punitive damages are not a separate claim for relief and the causes of action on which Plaintiffs would base their punitive damages claim should be dismissed. *See* ECF No. 8, PageID 117. The Court should dismiss Plaintiffs' punitive damages claim against Trivest.

### I. Plaintiffs' Complaint should be dismissed under the first-to-file rule.

Plaintiffs argue that their case is different from the first-filed case, so that the first-to-file rule does not apply, because the first-filed case seeks class certification whereas Plaintiffs do not. *See* ECF No. 10, PageID 139; *see also Aaron Hall, et al., v. Trivest Partners L.P. et al.*, Case 4:22-cv-12743. This argument misses the mark. That the first-filed action is seeking class certification is precisely why the Court should dismiss under the first-to-file rule. The broad, nationwide class definition in *Hall* includes "[a]ll persons in the United States who purchased a home solar system from Power Home Solar, LLC (including d/b/a Pink Energy) at any time since January 1, 2018." *See id.* Plaintiffs fall within this class.

In addition, Plaintiffs wrongly argue that the first-to-file rule should not be applied here because *Hall* has different causes of actions and fewer named defendants than this action. *See* ECF No. 10, PageID 139. First, "the same party and same issue is not an absolute requirement" for application of the first-to-file rule. *Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). "The presence . . . of [an additional] defendan[t] is not enough to overcome the otherwise substantial similarity between the defendants in this action and those in the [first-filed]

14

case." *Fryda v. Takeda Pharms. N. Am., Inc.*, No. 1:11-cv-00339, 2011 WL 1434997, *5 (N.D. Ohio Apr. 14, 2011). The minor difference in parties does not bar applying the first-to-file rule. Second, "the issues between the two cases need only substantially overlap," and need not be identical. *Parks v. Procter & Gamble Co.*, No. 1:21-cv-258, 2022 WL 788795, *2 (S.D. Ohio Mar. 15, 2022). The different causes of action between this case and the first-filed action do not change that these actions are substantially similar given that the issue underlying each litigation is practically identical. *See id.*

The Court should dismiss Plaintiffs' Complaint without prejudice under the first-to-file rule, or alternatively, stay this action pending the resolution of the *Hall* nationwide class action.

**CONCLUSION**

For these reasons, Plaintiffs' claims against Trivest should be dismissed with prejudice.

Dated this 25th day of April, 2023.

Respectfully Submitted

*/s/ Trevor G. Covey*
Trevor G. Covey (0085323)
Nora K. Cook (0086399)
BENESCH, FRIEDLANDER, COPLAN &
 ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Tel.: 216.363.4500
Fax: 216.363.4588
tcovey@beneschlaw.com
ncook@beneschlaw.com

R. Trent Taylor (*pro hac vice forthcoming*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1182

rtaylor@mcguirewoods.com

*Attorneys for Defendant Trivest Partners, L.P.*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2023, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

                                            Respectfully submitted,

                                            */s/ Trevor G. Covey*
                                            Attorney for Defendant Trivest Partners, L.P.