IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Gregory and Rebekah Bowe,<br><br>    Plaintiffs,<br><br>  vs.<br><br>Cross River Bank, *et al.*,<br><br>    Defendants. | CASE NO.: 2:22-CV-04266<br><br>JUDGE ALGENON L. MARBLEY<br><br>**DEFENDANT JAYSON WALLER'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

  Defendant Jayson Waller ("Waller") moves this Court to (i) dismiss Plaintiffs' Complaint against Waller under Fed. R. Civ. P. 12(b)(6); (ii) award Waller his costs and reasonable attorney's fees incurred in filing this Motion; and (iii) grant such other and further relief as is just. In support thereof, Waller incorporates its contemporaneously filed Memorandum in Support.

  WHEREFORE, for the foregoing reasons, and as further stated in its Memorandum in Support, Waller respectfully requests this Court: (i) dismiss Plaintiffs' Complaint against Waller under Fed. R. Civ. P. 12(b)(6); (ii) award Waller his costs and reasonable attorney's fees incurred in filing this Motion; and (iii) grant such other and further relief as is just.

1

Dated: April 25, 2023	Respectfully Submitted,

/s/ Patrick T. Lewis
Patrick T. Lewis (0078314)
Email:   plewis@bakerlaw.com
**BAKERHOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Tel. 216.621.0200 / Fax. 216.696.0740

James G. Atchison*
Email: jatchison@darroweverett.com
DarrowEverett LLP
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel. 401.453.1200 Ext. 202
* motion for *pro hac vice* admission to be filed

*Counsel for Defendant Jayson Waller*

# CERTIFICATE OF SERVICE

I certify that on April 28, 2023, a true and accurate copy of the foregoing was filed on the Court's ECF system. Notice of this filing will be delivered to counsel of record by the Court's ECF system. Copies of the filing are available from the Court's system.

/s/ Patrick T. Lewis
Patrick T. Lewis (0078314)
**BAKERHOSTETLER LLP**
*Counsel for Defendant Jayson Waller*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Gregory and Rebekah Bowe,<br><br>        Plaintiffs,<br><br>  vs.<br><br>Cross River Bank, *et al.*,<br><br>        Defendants. | CASE NO.: 2:22-CV-04266<br><br>JUDGE ALGENON L. MARBLEY<br><br>**DEFENDANT JAYSON WALLER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

## INTRODUCTION

Plaintiffs Gregory and Rebekah Bowe ("Plaintiffs") entered into a written Solar Energy System Purchase & Installation Agreement ("Sale Agreement") with Power Home Solar, LLC d/b/a Pink Energy ("PHS") for the purchase and installation of a residential solar system (the "Solar System"). *See* ECF No. 1, Compl., at Ex. A. Shortly after the Sale Agreement was executed, PHS installed the solar energy system at Plaintiffs' residence. Plaintiffs' Complaint alleges claims against PHS' former Chief Executive Officer, Jayson Waller ("Waller"), for, *inter alia*, breach of contract, breach of warranty, violations of the Ohio Consumer Sales Practices Act, fraudulent misrepresentation, and fraudulent inducement, all of which relate to the contract with PHS.[1] Plaintiffs inexplicably brought these claims against Mr. Waller *personally*, even though Plaintiffs fail to allege any direct involvement by Waller in the dispute over their Solar System. Their claims

---

[1] Despite the fact that the claims against Waller are derivative of the PHS claims, Plaintiffs' counsel has refused to acknowledge the stay initiated in the PHS Bankruptcy proceeding in relation to the claims against Waller. Furthermore, it is unclear why Plaintiffs would bring claims against PHS but not also have asserted claims against the manufacturer of their solar system, Generac, against whom several lawsuits have been filed—both by PHS prepetition and by consumers—alleging product defects in the Snap RS component of those systems.

1

against Waller must be dismissed for failing to allege sufficient facts to support their claims against Waller and, even if they did, Waller is not personally liable in his capacity as a company officer for the alleged conduct of PHS under bedrock principles of corporate law. Finally, the economic loss doctrine bars several of the Plaintiffs' claims and must also be dismissed.

## FACTS

On March 29, 2021, Plaintiffs entered into the Sale Agreement and PHS for the purchase and installation of a 4.29 kW residential solar system (the "Solar Installation"). Compl. at Exhibit A. The Sale Agreement was executed contemporaneously with a written financing agreement between Plaintiffs and Sunlight Financial LLC ("Sunlight Agreement"), Compl. at Ex. B. Pursuant to the Sunlight Agreement, Plaintiffs received a loan to finance the $40,000.00 Solar Installation cost over a twenty-five-year term at a 3.49% fixed interest rate. *See Id*. Shortly after the Sale Agreement and the Sunlight Agreement were executed, PHS installed the solar energy system at Plaintiffs' residence, which includes thirteen Silfab solar panels. *See* Compl. at Ex. A. Plaintiffs' filed their original Complaint on December 2, 2022. As this Court is aware, this Complaint is one of many filed by Plaintiffs' counsel in this Court.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

However, the court must also look to the complaint to determine whether it pleads each of the elements of each cause of action as required by Fed. R. Civ. P. 8(a)(2). This rule "imposes both legal *and* factual demands" on plaintiffs. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The claims set forth in a complaint must be plausible, rather than conceivable. *See Id*. at 570. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (internal citation omitted). A legal conclusion couched as a factual allegation need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *See Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly,* 550 U.S. at 557.

3

**ARGUMENT**

I.     **Plaintiffs Fail to Allege Sufficient Facts to State Any Claims Against Waller**.

Plaintiffs seek to hold Waller personally liable for the alleged tortious conduct of PHS based primarily on Waller's position as the company's Chief Executive Officer. However, the claims asserted against Waller—Breach of Contract (Count I), Fraudulent Misrepresentation (Count II), Negligent Misrepresentation (Count III), Fraudulent Inducement (Count IV), Negligent Selection/ Retention and Training (Count VII), Breach of Warranty (VIII), violations of the Ohio Consumer Protection Act (IX), Civil Conspiracy (Count X), Negligence (Count XI), Declaratory Judgment to pierce the corporate veil as to Waller personally liable (Count XII), Punitive Damages (Count XIII)—consist of nothing more than threadbare allegations almost exclusively plead upon "[i]nformation and belief." *See*, *e.g.*, Compl. at ¶¶ 26, 39, 41, 43 (all raising allegations "upon information and belief").

As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Rule 8 pleading standard "does not require 'detailed factual allegations,' but . . . [requires more than] 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]'" *Iqbal*, at 678 (citations omitted).

A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), "a complaint must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, a Court is not

required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

Here, Plaintiffs' conclusory allegations are unsupported by any well-plead facts. Instead, Plaintiff relies *entirely* on legal conclusions and allegations based solely "upon information and belief" in order to allege their claims against Waller. These vague and conclusory allegations made merely "upon information and belief" lie at the heart of Plaintiffs claims against Waller.[2]

Allegations based "upon information and belief" are speculative and conclusory assertions, not factual allegations. Such allegations do not pass muster for pleading under *Twombly* and *Iqbal*. Indeed, the Sixth Circuit has held:

> [A] plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law. Instead, the sufficiency of a complaint turns on its 'factual content,' requiring the plaintiff to plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing.

*Flagstar Bank,* 727 F.3d at 504 (quoting *Twombly*, 550 U.S. at 567; and *Iqbal*, 556 U.S. at 682).

Such speculative and conclusory allegations made merely on "information and belief" cannot form the basis of a complaint. In *Hill v. Ohio State Univ. T & L*, this Court dismissed plaintiffs' claims against one of the defendants because the allegations of wrongdoing were based merely on "information and belief". No. 2:12-cv-984, 2013 WL 2295957 (S.D. Ohio May 24, 2013). The Court continued:

> Hill then pleads that he "had information and belief that [the Hollywood Imprints Defendants] colluded with [other defendants] and committed copyright fraud." This latter statement is a conclusion; it is not a factual allegation that provides any of the

---

[2] Plaintiffs' purchase occurred over a year before filing their original Complaint in this action, and Plaintiffs' allegations against Waller are based on a book published years before Plaintiffs purchased their Solar System, and the relevant timeframe Plaintiffs' allegations rely on in Waller's book is 2015, five years before the installation of Plaintiffs' Solar System and seven years before they filed their original Complaint. Despite the verbosity of the Complaint, the dearth of actual, well plead factual allegations suggests that Plaintiffs did little to investigate the nature of their claim or Waller's practices prior to commencing this action.

5

> requisite details of the alleged unlawful conduct. This same fundamental deficiency exists in Hill's other pleading statement that "[o]n information and belief, [the Hollywood Imprints Defendants and other defendants] profited off of Plaintiff[']s IP & copyright designs." Stated most simply, Hill has failed to allege any facts indicating any wrongdoing by the Hollywood Imprints Defendants. He has alleged only his beliefs, which is precisely the type of speculative pleading that *Twombly* and *Iqbal* reject. Absent factual content in the Complaint that allows this Court to draw the reasonable inference that the Hollywood Imprints Defendants are liable for the misconduct alleged in any of the claims Hill asserts, the claims lack facial plausibility.

*Id*.

Similarly, in *Flagstar Bank*, the plaintiff's several core assertions regarding the alleged wrongdoing were made "upon information and belief." The Court found that "[t]hese are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency." *Flagstar Bank,* 727 F.3d at 505. Although the *Flagstaff Bank* plaintiff's claims required an allegation that certain similarly situated individuals (who also suffered discrimination) existed, plaintiffs "merely alleged their belief that such people exist. These 'naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." *Id*. (quoting *Iqbal,* 556 U.S. at 678); *see also Brown v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.,* No 11-5339, 2012 WL 2861593, at *4 (6th Cir. Jan. 9, 2012) ("[Plaintiffs'] allegation, based solely on 'information and belief,' that the MGNDC defendants and Fried conspired to discriminate against him were too conclusory and vague to state a claim for relief under the *Twombly/Iqbal* standard.") (citation omitted); *Tovey v. Nike, Inc.,* No. 1:12-cv-0448, 2012 WL 7017821, at *12-13 (N.D. Ohio July 3, 2012) (dismissing claim for vicarious liability because plaintiff alleged the existence of a partnership based merely "upon information and belief," holding that "[t]he allegations in the complaint contain no facts that would make the existence of a

6

partnership between any defendants plausible. They are, instead, mere legal conclusions rather than factual allegations [and] fail to meet the *Twombly* standard of alleging....").

Moreover, the information that is the subject of Plaintiff's "information and belief" statements is not information that is solely in the possession of Defendant. *See Kline v. Mortg. Elec. Registration Sys, Inc.,* No. 3:08-cv-408, 2011 WL 1233642, at *6 (S.D. Ohio Mar. 29, 2011) *(Kline II)* ("[F]acts may be alleged on the basis of information and belief, particularly when those facts are within the possession of the defendant."). The information that Plaintiffs complain of is PHS' advertising to the *public* — information that is, by definition, available to Plaintiffs.

Nor is it the Complaint's flaw that Plaintiffs have failed to plead a fully developed fact record. *See Lewis v. Taylor,* No. 1:10-cv-00108, 2010 WL 3785109, *3 (S.D. Ohio Sept. 21, 2010) (noting that *Iqbal* and *Twombly* do not require plaintiff to present a "fully developed factual record in his complaint"). Plaintiffs' thirty-five page Complaint *contains 231 separately numbered paragraphs*. However, specific factual allegations concerning Waller's wrongdoing are missing *entirely* from the Complaint. This is the key reason Plaintiff has failed to state a claim. *See id*. ("What *Iqbal* and *Twombly* do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action.... An allegation is impermissibly conclusory when it is necessary to establish a viable claim but fails to identify a tangible, real-world act or event.") (citation omitted).

Finally, the absence of factual allegations does not allow for even an *inference* of wrongdoing. *See Antioch Litig. Trust v. McDermott Will & Emery LLP*, 738 F.Supp.2d 758, 765 (S.D. Ohio 2010) ("[Q]ualifying words such as 'upon information and belief' and 'appear' are the appropriate manner to plead when a plaintiff is drawing reasonable inferences from

7

facts."). Here, there are no facts alleged in the Complaint that can serve as a predicate from which to infer that Jayson Waller specifically took any action harming Plaintiffs.

**II.     Plaintiffs Do Not Allege Specific Facts That Would Hold Waller Individually Liable for the Alleged Acts of PHS.**

It is black-letter Ohio[3] law that a company's owners are protected by the corporate veil and are not liable for the company's debts or obligations. *See, e.g., Dombroski v. WellPoint, Inc.,* 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16; *Corrigan v. United States Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007) (applying Ohio law); *Gray Printing Co. v. Blushing Brides, LLC*, 10th Dist. Franklin No. 05AP-646, 2006-Ohio-1656, ¶¶ 24–26 (member and senior manager of LLC not liable for LLC indebtedness); *Dietz-Britton v. Smythe, Cramer Co.,* 139 Ohio App.3d 337, 352, 743 N.E.2d 960 (8th Dist. 2000) (same). This doctrine applies to both contract and tort claims. *See, e.g.*, *Corrigan*, 478 F.3d at 726 (granting summary judgment on claims of "fraud, breach of contract, and promissory estoppel" against parent company where plaintiffs failed to pierce the corporate veil); *Vienna Beauty Prods. Co. v. Cook*, 2015-Ohio-5017, 53 N.E.3d 808, ¶ 17 (2d Dist.) (rejecting claim that LLC owner was "personally liable for conversion based on his status as the sole owner of ACER, his incorporated construction company [i.e., LLC]" where property was allegedly converted by LLC employee); *Dombroski,* 2008-Ohio-4827, ¶ 30 (holding that policyholder could not pierce insurance company's corporate veil to assert claim for "insurer bad faith," a "straightforward tort").

There are two exceptions to the bar on a company officer's liability for company acts, neither of which has been adequately alleged in this case. The first is under an alter-ego theory,

---

[3] Ohio substantive law governs veil-piercing issues in this diversity action. *Corrigan v. United States Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007) ("When the success of a state law claim brought in federal court under diversity jurisdiction is dependent on piercing the corporate veil, this question of substantive law is governed by the law of the state in which the federal court sits").

which permits a plaintiff to pierce the corporate veil and hold a company's owner personally liable in cases where the company is the alter-ego of the owner, and that alter-ego status is used to defraud creditors. *Belvedere Condominium Unit Owners Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 289, 617 N.E.2d 1075 (1993) (allowing the veil to be pierced only when "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong."). In assessing *Belvedere*'s first prong, Ohio courts consider seven factors, including whether the business had "grossly inadequate capitalization," the parent had "[held] itself out as personally liable for certain subsidiary obligations," or the business was "a mere façade for the operations of the parent." *Corrigan*, 478 F.3d at 724 (citing *LeRoux's Billyle Supper Club v. Ma*, 77 Ohio App.3d 417, 422–23, 602 N.E.2d 685 (6th Dist. 1991)).

In 2008, the Ohio Supreme Court modified *Belvedere*'s second prong to apply only in cases where the shareholder had complete control over the corporate form and "used their complete control . . . to commit specific egregious acts. . ." including fraud, illegal acts, or similarly unlawful acts. *Dombroski*, 2008-Ohio-4827, at ¶¶ 27, 29. The *Dombroski* court emphasized how limited this exception was, because if a corporate veil could be pierced "every time a corporation under the complete control of a shareholder committed an unjust or inequitable act, virtually every close corporation could be pierced when sued, as nearly every lawsuit sets forth a form of unjust or inequitable action and close corporations are by definition controlled by an individual or small group of shareholders." *Id.* at ¶ 27. *See also* R.C. 1706.26 (providing that "a member of a limited liability company is not liable, solely by being a member, for a debt, obligation, or liability of the

9

limited liability company . . ., whether arising in contract, tort, or otherwise; or for the acts or omissions of any other member, agent, or employee of the limited liability company . . .").

Here, Plaintiffs have not alleged even a *single factor* necessary to pierce the corporate veil of PHS and hold Waller personally liable for the company's contractual obligation and torts. Nor can they plausibly do so, consistent with their pleading requirements under Fed. R. Civ. P. 8 and *Iqbal/Twombly*; PHS is a large company, at one point having over 2,200 employees, that operated nationwide. All Plaintiffs have done is allege a garden-variety breach of contract claim and tort claims arising out of the contract. Their claim, if it exists at all, is against PHS and not former company officers.

Plaintiffs' claims against Waller fare no better under the second exception, recognized by some intermediate Ohio appellate courts, to the corporate veil. This second limited exception, grounded in the law of agency, can make company officers liable if company "officers take part in the commission of the act or if they specifically directed the particular act to be done, or participated or cooperated therein." *State ex rel. Fisher v. Am. Courts, Inc.*, 96 Ohio App.3d 297, 300, 604 N.E.2d 1112 (8th Dist.1994). But that theory of liability is grounded on the direct conduct of the officer. Only "when a corporate officer commits a tort while in the performance of his duties" is he "individually liable for the wrongful act." *Lambert v. Kazinetz*, 250 F. Supp. 2d 908, 914–15 (S.D. Ohio 2003). But this exception is limited to torts committed by the officer himself. *Id.* at 915. And in order to survive a 12(b)(6) motion under this exception, the plaintiff "must allege facts or circumstances which compel departure from the common-law rule against corporate-officer liability for the corporation's acts." *Fisher*, 96 Ohio App.3d at 300.

Plaintiffs have pled no tortious act committed by Waller personally. They have not plausibly alleged that they ever had contact with Waller, that Waller signed their contract, or that

10

Waller personally directed anyone to commit any tortious acts. The *best* Plaintiffs have done is to quote a book and an article Waller authored in which he made general representations about how, in the early stages of building his business, he took on a number of roles in the company. Waller's book is about the forming, developing, and hard work he performed growing PHS. At the time cited in the book (2015), there were less than two dozen employees and that was years before these Plaintiffs entered into the Sales Agreement with PHS. By the time Plaintiffs entered into the Sales Agreement, PHS had over 2,200 employees. *See* Compl. at ¶¶ 24–29. But quoting such anodyne statements from Mr. Waller about how he began growing his company (a common story among CEOs of early-stage companies) does not lead to a plausible basis in fact to allege that Waller trained and instructed PHS employees to commit fraud, let alone an allegation that Waller trained the PHS sales representative that sold the Plaintiffs this Solar System.

Again, the *only* allegations of Waller's personal involvement in sales practices are threadbare allegations made solely "upon information and belief" that PHS employees made allegedly fraudulent misrepresentations to Plaintiffs as part of a so-called "sales pitch" that Waller supposedly developed for the company. *E.g.*, *id*. at ¶ 103. Plaintiffs allege no facts to give rise to a plausible inference that PHS employees employed a specific "sales pitch" that included fraudulent misrepresentations, let alone that Waller personally drafted or instructed employees to use fraudulent misrepresentations. PHS installed over 40,000 solar systems. This is hardly the track record of a company where the executives (subject to the *Apex* doctrine) trained employees to commit fraud. Plaintiffs cannot rest on such threadbare, conclusory allegations that are insufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 at 555; *see also King v. G4S Secure Solutions (USA) Inc.*, No. 1:18-cv-448-DCN, 2019 WL 858672, *5 (N.D. Ohio Feb. 22, 2019) (recognizing that a plaintiff may allege certain facts "upon information and belief" if

11

peculiarly in the defendant's possession, but must ground "at least some of the allegations...on personal knowledge" or possess "sufficient data to justify interposing an allegation on the defendant") (quoting *Starkey v. J.P. Morgan Chase Bank, N.A.*, 573 Fed. App'x 444, 447 (6th Cir. 2014)).

**III.     Plaintiff Fails to Adequately Plead their Fraud Based Claims Against Waller**.

Plaintiffs' claims against Waller for Fraudulent Inducement (Count IV), Civil Conspiracy (Count X), Declaratory Judgment to pierce the corporate veil as to Waller (Count XII), and Putative Damages (Count XIII) all sound in fraud.

Under Ohio law, fraud is defined as (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Schreiber v. State Farm Ins. Co.*, 494 F. Supp. 2d 758, 768 (S.D. Ohio 2007). Rule 9(b) of the Federal Rules of Civil Procedure provides that in a claim of fraud "[t]he circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). To satisfy this requirement, the plaintiff must specifically detail the facts and circumstances that are claimed to constitute fraudulent conduct. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157 161–62 (6th Cir. 1993) (requiring plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.").

Here, Plaintiffs have utterly failed to satisfy this requirement. Not only does the Complaint fail to indicate the time, place, or content of any alleged fraud by Waller, but the Complaint fails to allege any facts whatsoever that that Waller himself made any material misrepresentations of omissions that Plaintiffs could have reasonably relied upon and that caused them damages.

IV. **Plaintiffs Fail to Adequately Plead their Negligent Retention/Hiring and Training Claims Against Waller.**

To prevail on a claim for negligent retention/hiring and training arising out of tortious or criminal acts, a plaintiff must show: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of that incompetence; (4) the employee's act or omission that caused the plaintiff's injuries; and (5) the employer's negligence in hiring, retaining, training or supervising the employee proximately caused the plaintiff's injuries." *Herndon v. Torres*, 249 F.Supp.3d 878, 887 (N.D. Ohio 2017) (citing *Sygula v. Regency Hospital of Cleveland East*, 2016-Ohio-2843, ¶ 35, 64 N.E.3d 458, 471 (8th Dist.).

Plaintiffs have failed to allege any of the necessary elements to establish their claim as to Waller. Plaintiffs have only, if at all, alleged that an employee of PHS was involved in the actions giving rise to this Complaint. Plaintiffs have not alleged any incompetence of the unnamed PHS employee that Waller himself was aware of, have not alleged which specific actions of the unknown PHS employee harm Plaintiffs, and have failed to demonstrate how Waller's purported hiring, retaining, training or supervising of the PHS employee proximately caused Plaintiffs injuries. Furthermore, as Plaintiffs note, this salesperson was an employee of PHS, *not* an employee of Waller. Plaintiffs do not even allege any tortious or criminal act committed by this unnamed PHS employee and broadly seem to suggest that all individuals employed by PHS must have been negligently retained simply by being employed there. Additionally, Plaintiffs have

13

alleged a garden variety of contractual and negligence claims arising, namely, out of PHS' marketing. There is no allegation asserted which is sufficient to demonstrate the requisite elements of a negligent retention claim and therefore, Count VII must be dismissed.

**V.      The Economic Loss Doctrine Precludes Plaintiffs from Recovering Purely Economic Losses Negligence Causes of Action.**

Counts III (Negligent Misrepresentation), VII (Negligent Hiring and Training), and XI (Negligence) of the Plaintiffs Complaint all sound in negligence and are therefore barred by the economic loss rule. The economic loss doctrine "precludes recovery in tort for purely economic losses not arising from tangible physical harm to persons or property." *City of Cleveland v. Ameriquest Mortg. Securities, Inc.*, 621 F.Supp.2d 513, 521 (N.D. Ohio 2009) (citing *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 73 Ohio St.3d 60, 615, 653 N.E.2d 661 (1995)). This doctrine "embodies the well-established principle 'that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'" *Id.* at 522 (quoting *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 54 Ohio St.3d 1, 3, 560 N.E.2d 206 (1990)).

Count III of the Plaintiffs Complaint states that the Defendants, including Waller, had "a pecuniary interest in the sale, installation, activation, and future maintenance and repair of the solar system." Am. Compl. at ¶ 106. Plaintiffs further allege that as a result of Waller's alleged negligent misrepresentation, Plaintiffs have incurred damages including "significant debt, loss of the benefit of the bargain, loss of the use of their monies, home, and other substantial, actual and consequential damages." *Id.* at ¶ 112. These allegations are the closest Plaintiffs have come to asserting any injury to person or property arising out of a negligence-based tort claim. Counts VII (Negligent Hiring and Training) and XI (Negligence) assert little, if any, facts to support a claim for injury as

14

to person or property in which the Plaintiffs have an interest. Accordingly, Counts III, VII, and XI must be dismissed as they are barred by the economic loss doctrine.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Jayson Waller respectfully requests this Court (i) dismiss all claims against Waller under Fed. R. Civ. P. 12(b)(6); (ii) award Waller his costs and reasonable attorney's fees incurred in filing this Motion; and (iii) grant such other and further relief as is just.

Dated: Cleveland, Ohio  
April 28, 2023

Respectfully submitted,

*/s/ Patrick T. Lewis*  
Patrick T. Lewis (0078314)  
Email: plewis@bakerlaw.com  
**BAKERHOSTETLER LLP**  
Key Tower  
127 Public Square, Suite 2000  
Cleveland, OH 44114-1214  
Tel. 216.621.0200 / Fax. 216.696.0740

James G. Atchison*  
Email: jatchison@darroweverett.com  
DarrowEverett LLP  
One Turks Head Place, Suite 1200  
Providence, RI 02903  
Tel. 401.453.1200 Ext. 202  
* motion for *pro hac vice* admission to be filed

*Counsel for Defendant Jayson Waller*

## CERTIFICATE OF SERVICE

I certify that on April 28, 2023, a true and accurate copy of the foregoing was filed on the Court's ECF system. Notice of this filing will be delivered to counsel of record by the Court's ECF system. Copies of the filing are available from the Court's system.

*/s/ Patrick T. Lewis*  
Patrick T. Lewis (0078314)  
**BAKERHOSTETLER LLP**  
*Counsel for Defendant Jayson Waller*

15