**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Gregory and Rebekah Bowe, <br><br> Plaintiffs, <br><br> vs. <br><br> Sunlight Financial, LLC, *et al.*, <br><br> Defendants. | CASE NO.: 2:22-CV-04266 <br><br> CHIEF JUDGE ALGENON L. MARBLEY |

**DEFENDANT JAYSON WALLER'S REPLY TO THE PLAINTIFFS OPPOSITION TO HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs have asserted *very* aggressive claims against Mr. Waller, the former CEO of Power Home Solar, that seek to disregard the limited liability company form of Power Home Solar and impose direct personal liability on him for the alleged conduct of the company. One claim (Count XII) seeks this relief explicitly, and the rest seek to do so by implication, as Plaintiffs nowhere allege any contact with Mr. Waller in the sale or installation of the solar energy system at their residence, but rather seek to impose liability on him for alleged acts of company employees.

But while Plaintiffs' Opposition is brimming with heated rhetoric and *ad hominem* attacks against Mr. Waller's character, it—much like Plaintiffs' Complaint—is bereft of any serious analysis of their claims or legal basis to impose such serious corporate-officer liability. As has become their pattern in this case, Plaintiffs' Opposition is riddled with vague, conclusory assertions which do little, if anything, to support their Complaint so as to survive a motion to dismiss. At bottom, Plaintiffs are asking this Court to transform a small collection of individualized warranty claims and price complaints into a grand fraudulent conspiracy, based on nothing more

than quotes from popular news articles and from a book, to attach personal officer liability, which is completely unsupported by law and is entirely inequitable.

The is alleged entirely upon information and belief or other unsupported speculation, and Plaintiffs' attempt to claim otherwise is entirely unsupported under the *Iqbal/Twombly* framework. For that reason alone, Plaintiffs' Complaint must be dismissed.

In addition, Plaintiffs are wrong to claim (at 3) that all their claims *except* their fraudulent inducement claim need only satisfy the pleading requirements of Rule 8(a)(2) rather than the particularity requirement of Rule 9(b). The heightened pleading standard of Rule 9(b) applies to all claims sounding in fraud, and Plaintiffs have not met it here.

Furthermore, by not even mentioning, much less defending, several of their claims, Plaintiffs have abandoned those claims.

Finally, Plaintiffs acknowledge that a case postured similarly to their own (and filed by the same attorneys), *Davis v. Technology Credit Union, et al.*, N.D. Ohio Case No. 5:22-cv-2206 (Polster, J.), was dismissed under the first-to-file doctrine on May 5, 2023. Plaintiffs filed a "Response to Defendant Trivest's Notice of Supplemental Authority" on May 30, 2023 (ECF No. 21), arguing the first-to-file rule should not apply to them because they represent to this Court that they "fully intend to 'opt-out'" of the Michigan class-action lawsuit if a class is certified in that case. (Pltfs' Resp. at 2). But Plaintiffs have cited no authority holding that the statement filed in this action about their future "inten[t]" to opt-out of a class in another case is effective to irrevocably exclude them from that class before it is certified and the required class-action opt-out notice is delivered to class members under Fed. R. Civ. P. 23(c)(2). This is important given Plaintiffs' apparent foxhole conversion in the face of *Davis*.

Therefore, Defendant Waller respectfully requests, as set forth in his Motion to Dismiss and Memorandum in Support, that this Court: (i) dismiss all claims against Waller; (ii) award Waller his costs and reasonable attorney fees incurred; and (iii) grant such other and further relief as is just.

## I. FACTUAL ALLEGATIONS

Plaintiffs assert that they have plead that Waller was "intimately involved" in the day to day operations of Power Home Solar, LLC ("PHS") in ¶ 25-28 of their Complaint. Plaintiffs' "support" for such claim rests on the fact that (1) Waller once received an award; (2) Waller once wrote a book; and (3) Waller attended meetings for a company of which he was formerly an officer of.[1] But that allegation is at best anodyne—in general, many business leaders are involved in their businesses' day-to-day operations—and it no way supports the inference Plaintiffs seek to draw from it, that Mr. Waller "develop[ed] and [taught] deceptive and fraudulent sales techniques to the company's salesmen." Opp. at 2 (citing Complaint at ¶ 25-30), and to otherwise personally connect Waller to any alleged conduct involving Plaintiffs' specific solar system sale.

The Plaintiffs' Opposition goes on to regurgitate the remainder of the "factual" basis for their Complaint, again relying on legal conclusions couched as "facts" to support their claims. It is worth repeating that a majority of Plaintiffs' essential allegations are based on "information and belief"—including that Power Home sold "solar panels to customers at a high markup price," Complaint at ¶ 20, that the "Pink Energy Group directed and trained its employees to engage in pressured hard-sell sales tactics," *id.* at ¶ 24, that "all or most of the sales techniques/scripts were developed by Defendant Waller," *id.* at ¶ 26, that "these sales techniques and techniques described by Defendant Waller"—even though the Complaint nowhere alleges that Waller described specific

---

[1] These statements were made at a time when PHS had approximately 2,200 employees. Even though this and other allegations have been plead, no factual basis for the allegations has been provided.

3

sales techniques—"are the same tactics and techniques used on Plaintiffs to secure a sale," *id.* at ¶ 30, that statements by the "crew leader" who installed Plaintiffs' solar system about the level of training of his crew were "patently false," *id.* at ¶ 69, and so on. Altogether, some 32 critical allegations of the Complaint are pled upon "information and belief," as stated in the motion to dismiss (at 4).

Further, Plaintiffs' Opposition, and Complaint inappropriately aim their crosshairs at Waller as they rely on an entirely different company Waller was previously involved with, ISI Alarms. But ISI is not a party to this litigation, and Plaintiffs' discussion of that business is nothing more than an unprofessional cheap shot at Waller that should be stricken.

As to the remainder of the "factual allegations" laid out in the Plaintiffs' Opposition, the Plaintiffs have taken no action to provide any, let alone additional, factual support for their claims beyond merely regurgitating their own Complaint and have not supplied this Court with sound reasoning so as to deny Waller's motion to dismiss.

II.     LAW AND ANALYSIS

       A. **Plaintiffs Have Failed to Sufficiently Plead their Causes of Action for Negligent Training, Negligence, and Conspiracy against Waller.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "imposes both legal *and* factual demands" on plaintiffs. *16630 Southfield Ltd. P.ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 503 (6th Cir. 2013)(emphasis in original). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations).

4

Again, in order for a plaintiff to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he plaintiff must allege facts that, if accepted as true, are sufficient to 'raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly* at 570; *see also Iqbal*, 556 U.S. 662 (2009)). The Plaintiffs argument that they need not "show" anything is an incorrect interpretation of well-settled case law on this precise issue.

"The first step in testing the sufficiency of the complaint is to identify any conclusory allegations," because "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Antioch Litigation Tr. v. McDermott Will & Emery LLP*, 738 F.Supp.2d 758, 764 (S.D. Ohio 2010) (quoting *Iqbal,* 556 U.S. 662 (2009)). The second step is to determine whether the complaint alleges claims that are plausible on their face. *Id.* "'A claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Iqbal*, [556 U.S. 662]. And although we must accept all well-pleaded factual allegations in the complaint as true, we need not 'accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly* at 555).

Here, Plaintiffs fail to cite any allegations of their Complaint to support key elements of their claims. By way of example, and not exclusion, Plaintiffs claim (at 5) they alleged, to support a negligent hiring claim, that "Mr. Waller knowingly designed and then taught fraudulent and deceptive sales tactics to Pink Energy employees to secure sales on a solar system he knew did not work." But the allegations of the Complaint they cite—paragraphs 156 to 162—do not allege that

Mr. Waller taught or instructed the employees who sold Plaintiffs their solar system, let alone that Mr. Waller "knew" the solar system "did not work." Paragraphs 47 through 54, also referenced by Plaintiffs, likewise do not allege any such claims. And Paragraph 161, the allegation that Waller oversaw the development of the "sales training/techniques used by the Pink Energy Group. . .," is again pled solely on information and belief.

Plaintiffs' negligence claim fares no better. Plaintiffs simply regurgitate (at 5) general allegations that Power Home Solar employees allegedly negligently gave them information, and negligently performed the installation, of their solar system—and they claim Mr. Waller is personally liable because "upon information and belief, this false and incorrect information was part of a sales strategy developed and implemented by Defendant Jayson Waller." Complaint at ¶ 208.

So too with Plaintiffs' civil conspiracy claim. "To state a claim for conspiracy, a plaintiff must *plead with particularity*, as vague and conclusory allegations unsupported by material facts are insufficient." *Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 852 (N.D. Ohio 2007) (emphasis added) (citing, inter alia, *Spadafore v. Gardner,* 330 F.3d 849, 854 (6th Cir. 2003)).[2] *See also Burr v. Burns*, No. C2-04-1118, 2005 WL 1969532, *6 (S.D. Ohio Aug. 12, 2005). Here, Plaintiffs' Opposition points to *nowhere* in the Complaint where they have plead with any reasonable degree of specificity how Waller individually entered into a "malicious combination" with anyone or the existence of an unlawful act. *Compare Kenty v. Transamerica Premium Ins. Co*., 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (Ohio 1995) (outlining elements of civil conspiracy claim under Ohio law). Indeed, the cited paragraphs of the Complaint—paragraphs 188 to 201—only mention

---

[2] Mr. Waller's counsel acknowledges apparent disagreement as to whether Rule 9(b)'s particularity requirement governs civil conspiracy claims. *See generally In re National Century Financial Enterp., Inc.*, 504 F. Supp. 2d 287, 329 (S.D. Ohio 2007).

Waller by name once, in paragraph 200, to allege Waller's conduct was "knowing, intentional, reckless, and malicious" while not directly alleging any conduct personally by him in the preceding paragraphs 188–200.[3]

All in all, Plaintiffs have failed to miss the mark when alleging facts beyond mere conclusions or recitation of the elements,[4] so as to show that their Complaint alleges claims which are plausible on their face so as to allow this Court to draw a reasonable inference that Waller is liable. In fact, short examination of Plaintiffs' Complaint demonstrates that the Plaintiffs are unable to point to any specific action by Waller so as to cause any alleged damage to them. The fact remains that the Plaintiffs' Complaint asserts claims, if any, against PHS only.

### B. Plaintiffs have Failed to Sufficiently Plead their Fraud-Based Claims against Waller.

Rule 9(b) requires a heightened pleading standard for allegations of fraud, conspiracy, and veil-piercing, and plaintiffs must allege the circumstances of the fraud with particularity. As Plaintiffs' correctly state in their Opposition, to be successful in pleading fraud, a plaintiff's complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Kloss v. RBS Citizens, N/A/*, 996 F.Supp.2d 574, 585 Furthermore, "[a]t a minimum, a plaintiff must allege the time, place, and contents of the misrepresentations upon which he or she relief. *Id.* (quoting *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). Further, in Ohio, fraud is defined as (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely,

---

[3] Plaintiffs do make vague allegations of conduct by "Defendants" or the "Pink Energy Group" (at ¶ 188-200), but do not say what specific conduct Waller himself committed.
[4] Plaintiffs' Opposition further demonstrates Plaintiffs inability to support its own allegations by setting forth the elements of each of their claims and then quoting their own Complaint.

with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

Similarly, although Plaintiffs assert that their veil-piercing claim is only subject to the Rule 8(a)(2) pleading standard, that is not true. But "when a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to Fed. R. Civ. P. 9(b)." *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (citation omitted). *See also, e.g., Extra Mile, LLC v. Don Baskin Truck Sales, LLC*, No. 06-2589-P, 2007 WL 9706253, *5 (W.D. Tenn. Nov. 6, 2007). Here, Plaintiffs' Opposition cites *no* properly plead allegations of fraud on the part of Waller to justify piercing the veil of Power Home Solar and holding him personally liable for debts and obligations of the company. *See* Opp. at 8 (citing Complaint at ¶ 27).

Plaintiffs' Complaint, again, misses the required pleading standard. Plaintiffs fail to allege any specific action, directed by Waller, which caused any harm to Plaintiffs. Plaintiffs' sole reliance on unsupported, conclusory statements and legal conclusions couched as factual allegations are insufficient to support their fraud-based claims, and they should accordingly be dismissed.

### C. Plaintiffs Complaint Fails to Allege Facts that Would Permit Personal Liability Against Waller.

As explicitly set forth in Waller's motion to dismiss, in Ohio, there are only two exceptions to the bar on a company officer's liability for company acts. One of those exceptions is under an alter-ego theory, and the other, limited exception, is grounded in the law of agency. Under the first theory, a plaintiff is permitted to pierce the corporate veil and hold a company's owner personally liable in cases where the company is the alter-ego of the owner, and that alter-ego status is used to

8

defraud creditors. *Belvedere Condominium Unit Owners Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 289, 617 N.E.2d 1075 (1993).

The second exception is only recognized by some intermediate Ohio appellate courts, and is *only* grounded on the direct conduct of an officer. Only "when a corporate officer commits a tort while in the performance of his duties" is he "individually liable for the wrongful act." *Lambert v. Kazinetz*, 250 F.Supp. 908, 914-15 (S.D. Ohio 2003). To survive a motion to dismiss under this exception, again, the plaintiff "must allege facts or circumstances which compel departure from the common-law rule against corporate officer liability for the corporation's acts." *Fisher*, 96 Ohio App.3d at 300.

Plaintiffs demand this sweeping relief—which, as noted *supra,* must be plead with particularity under Rule 9(b)—based on nothing but specious, unsupported, conclusory allegations based on inferences they drew from prior interviews and a book authored by Waller about the early stages of Power Home Solar. They attempt to cloak these general representations as somehow being "admissions" by Waller of fraud. Plaintiffs have *not* alleged any contact with Waller and this is simply because they are unable to do so to establish their own claims.[5] These allegations are legally insufficient to impose personal liability on Waller for the alleged conduct of Power Home Solar and Plaintiffs' claims must be dismissed.

### D. Plaintiffs Have Apparently Abandoned Several of Their Claims Against Waller.

The Complaint in this case alleges *nine* causes of action against Mr. Waller—Breach of Contract (Count I), Fraudulent Misrepresentation (Count II), Negligent Misrepresentation (Count

---

[5] Plaintiffs at one point cite (generally) to alleged materials filed in the Power Home Solar bankruptcy proceeding. But it is noteworthy that in the order granting them partial relief from stay, the Bankruptcy Court prohibited plaintiffs from "pursu[ing] claims against any co-Defendants [of Power Home Solar] or other parties [in this and related proceedings] that are property of the bankruptcy estate or to the extent that the bankruptcy estate make may claims and collect from applicable insurance policies." *Consent Order Granting Limited Relief From Automatic Stay* (ECF No. 280), *In re Power Home Solar, LLC*, No. 22-50228 (Bankr. W.D.N.C. Jan. 20, 2023). At a minimum, this case is not the proper venue for Plaintiffs to pursue claims against Waller that are property of the estate.

9

III), Fraudulent Inducement (Count IV), Negligent Selection/Retention and Training (Count VII), Breach of Warranty (Count VIII), Violations of Ohio Consumer Protection Act (Count IX), Civil Conspiracy (Count X), Negligence (Count XI), and Declaratory Judgment to Disregard Power Home Solar's Limited Liability Protection Form And Hold Defendant Waller Personally Liable (etc.) (Count XII), and Punitive Damages (Count XIII). *See generally*, Complaint (ECF No. 12). It is also possible, although unclear, that a *tenth* claim, Count V (seeking a declaration that the binding arbitration clause in the Plaintiffs' contract with Power Home Solar is unenforceable), is also somehow plead against Mr. Waller.

In Plaintiffs' Opposition, however, Plaintiffs have only mentioned—let alone attempted to defend—their claims for Negligent Training (Count VII), Negligence (Count XI), Conspiracy (Count X), Fraudulent Inducement (Count II), and their Declaratory Judgment Claim seeking to impose personal liability on Mr. Waller (Count XII). At a bare minimum, therefore, the Court should consider Count I (Breach of Contract), Count III (Negligent Misrepresentation), Count V (Declaratory Judgment Regarding Arbitration Clause In Sales Agreement), Count VIII (Breach of Warranty), Count IX (Violation of Ohio Consumer Protection Act), and Count XIII (Punitive Damages) abandoned. *See, e.g., USA Parking Systems, LLC v. Eastern Gateway Community College,* No. 4:20-cv-1967, 2022 WL 312230, *5 (N.D. Ohio Feb. 1, 2022) (failure to defend claims against a motion to dismiss constitutes an abandonment of those claims). *See also Doe v. Bredesen*, 507 F.3d 998, 1007–1008 (6th Cir. 2007) (affirming dismissal of claims where plaintiff "abandoned those claims by failing to raise them in his brief opposing the government's motion to dismiss").

III.  CONCLUSION

Plaintiffs claim (at 10) that they "have painstakingly detailed" their allegations against Waller. As set forth in this Reply and preceding Motion to Dismiss, that is a patently false claim. Instead of acknowledging the continued deficiencies within their Complaint and the Complaint before that, the Plaintiffs continue to file motion after motion, complaint after complaint, naming party after party, in these Ohio matters.[6] The Plaintiffs should not be permitted to "figure it out" before this Court as these multiple proceedings continue; the Plaintiffs should have been prepared from the beginning to properly litigate these cases.[7]

Respectfully Submitted,

/s/ Patrick T. Lewis
Patrick T. Lewis (0078314)
Email:  plewis@bakerlaw.com
**BAKERHOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Tel. 216.621.0200 / Fax. 216.696.0740

James G. Atchison*
Email: jatchison@darroweverett.com
DarrowEverett LLP
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel. 401.453.1200 Ext. 202
* motion for *pro hac vice* admission to be filed

*Counsel for Defendant Jayson Waller*

---

[6] There are at least 11 cases filed by Plaintiffs' attorneys in this Court and in the Northern District of Ohio, as detailed elsewhere. In each of those matters, all of the complaints have been amended. Plaintiff's counsel is apparently using these 11 actions to get at least 11 bites at the apple, and counting, to "get it right."

[7] It should be noted that a court dismissed one of these actions filed by Plaintiffs' Counsel pursuant to the First to File doctrine. *See Davis v. Technology Credit Union, et al.,* N.D. Ohio Case No.: 5:22-cv-02206-DAP (May 5, 2023).

## **CERTIFICATE OF SERVICE**

I certify that on June 2, 2023, a true and accurate copy of the foregoing was filed on the Court's ECF filing system. Notice of this filing was served upon all counsel of record by operation of the ECF filing system. Copies of this filing may be obtained from that system.

/s/ Patrick T. Lewis
Patrick T. Lewis
*Counsel for Defendant, Jayson Waller*

127119.000001 4867-4460-2216