IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY AND REBEKAH BOWE,** | :: | CASE NO.: 2:22-CV-04266 |
| Plaintiffs, | :: | |
| | :: | CHIEF JUDGE ALGENON L. |
| | :: | MARBLEY |
| - vs - | :: | |
| | :: | |
| | :: | MAGISTRATE JUDGE |
| **SUNLIGHT FINANCIAL, LLC, et al.,** | :: | ELIZABETH PRESTON DEAVERS |
| | :: | |
| | :: | |
| Defendants. | :: | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTION TO CONDUCT LIMITED DISCOVERY ON WHETHER
THE ARBITRATION PROVISIONS AT ISSUE IN THIS MATTER ARE ENFORCEABLE**

**I.  BACKGROUND**

In their Complaint, Plaintiffs[1] brought, among other claims, declaratory judgment actions requesting this Court find the arbitration provision in the loan agreement unconscionable or otherwise borne of fraud. To support their claims, Plaintiffs asserted that Sunlight Financial's[2] agent failed to explain the terms of the loan agreements, including the arbitration provisions contained in the agreements. *See* Plaintiffs' Complaint at Paragraphs 55-61. Plaintiffs further asserted that Sunlight Financial obtained Plaintiffs' signatures in a fraudulent manner by, among other ways: (1) making the loan agreements only visible on each of the agent's electronic device and failing to allow Plaintiffs to read the agreement before signing the agreement; (2) having the agents scroll through the portions

---

[1] "Plaintiffs" collectively refers to the Plaintiffs listed in the above-referenced Memorandum in Support.

[2] "Sunlight Financial" refers to Defendant, Sunlight Financial, LLC d/b/a Sunlight Financial.

of the agreement at a fast rate while giving an inaccurate summary of the agreement; and (3) auto-filling Plaintiffs' signatures on the agreement instead of having them read, understand, and sign each portion of the individual agreement, as Sunlight Financial has incorrectly alleged. *Id;*

Despite these allegations, and without submitting any evidence that the Arbitration agreement was entered into legitimately, Sunlight Financial submitted its Motion to Dismiss to Compel Arbitration in each of the consolidated cases. This request should be denied.

## II. <u>LAW AND ARGUMENT</u>

Courts within the Sixth Circuit apply the summary judgment standard when ruling on motions to compel arbitration. As such, Courts in the Sixth Circuit will look to Fed. R. Civ. P. 56(d) for guidance when asked to permit limited discovery. *Palmer v. Mary Jane M. Elliot, P.C.*, E.D.Mich. No. 20-13209, 2021 U.S. Dist. LEXIS 80254 (Apr. 27, 2021)(citing *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)). Fed. R. Civ. P. 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Therefore, where a party requests discovery to prove a genuine dispute exists as to whether an arbitration clause is valid, a court can grant limited discovery on the issue. *See Palmer*, at *4 (citing 9 U.S.C. 4) ("As to whether [the plaintiff] can prove that a genuine dispute exists as to [whether an arbitration clause can be validly enforced], she reasonably argues that she needs to take discovery because she lacks access to the document and witnesses necessary to prove her position.").

Plaintiffs submit that Pink Energy[3] and Sunlight Financial are in possession of information demonstrating the unconscionability of the arbitration provision at issue in this case and information demonstrating a failure of the parties to come to a meeting of the minds on the arbitration provision, which was borne of fraud. *See* Affidavit of Stacie L. Roth, attached herewith and incorporated herein as Exhibit A, which is referred to hereinafter as the "Attorney Affidavit." This information includes, but is not limited to, emails and recordings, knowledge of the unconscionable sales practices employed by each company, the testimony of the sales representatives that pressured the Plaintiffs to sign sales and loan agreements, and data/recordings contained on the electronic devices that the sale representatives used to control how Plaintiffs' signatures were auto-filled throughout the agreement. *See* Attorney Affidavit.

The only way to obtain this information is via limited discovery. If permitted, Plaintiffs will issue limited discovery requests seeking the sales practices that Sunlight Financial and Pink Energy employed and documents concerning the signing of the sales and loan agreements at issue in this case. Moreover, Plaintiffs will depose: (1) the salespersons from Pink Energy/Sunlight Financial; and (2) corporate representatives of Pink Energy/Sunlight Financial who have knowledge of the sales and signing practices that were regularly employed at the time Plaintiffs signed the sales and loan agreements. These depositions will be limited to the issue of sales practices and signing procedures both generally employed by these companies and employed in the instant matters.

While Plaintiffs believe that Sunlight Financial is in possession of relevant information it is anticipated that Sunlight Financial will suggest it has no relevant documents to offer in limited discovery. If Sunlight Financial truly has nothing to discover on the issue of whether the arbitration clauses at issue were validly entered into, then it should be prohibited from requesting

---

[3] "Pink Energy" refers to Defendant, Power Home Solar, LLC d/b/a Pink Energy, LLC.

dismissal.  This Court should deny Sunlight Financial's requests to enforce arbitration. Otherwise, Plaintiffs should be permitted to conduct their requested, limited discovery. If Sunlight Financial is confident that the Loan Agreement was not borne of fraud, it should gladly welcome the opportunity to have its agents deposed.

### III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant limited discovery and permit the parties to file supplemental briefs, following limited discovery, on whether the arbitration provision in the loan agreement is valid and enforceable.

Respectfully submitted,

*/s/ Stacie L. Roth*
Stacie L. Roth (0071230), and
Andrew R. Burton (0100996), and
Richard D. Reinbold (0024152), of
**SCHULMAN, ROTH & ASSOC. CO., LPA.**
The Carnegie Building
236 3rd Street SW
Canton, Ohio 44702
(330) 456-4400 (telephone)
(330) 456-3641 (FAX)
sroth@lawyersonyourside.com
aburton@lawyersonyoursid.com
rdreinbold@yahoo.com

And

*/s/ Robert J. Tscholl*
Robert J. Tscholl (0028532), of
Robert J. Tscholl, LLC
236 3rd Street SW
Canton, Ohio 44702
330-497-8614
330-456-3641 (FAX)
Btscholl740@@yahoo.com

*Counsel for Plaintiffs*