

## AFFIDAVIT OF STACIE L. ROTH

I, Stacie L. Roth, of full age, after being duly sworn according to law, depose and say the following:

1. I am fully competent to make this affidavit and have personal knowledge of the facts stated herein.

2. I am counsel of record for those Plaintiffs listed in the caption of the Motion to Conduct Limited Discovery.

3. Plaintiffs have sought in their Complaint, a declaratory judgment action requesting this Court declare the arbitration provision in Sunlight Financial, LLC d/b/a Sunlight Financial's ("Sunlight") loan agreement invalid and unenforceable.

4. We will be filing a Memorandum in Opposition to Sunlight's Motion to Enforce Arbitration and dismiss the Complaint and in so doing, I will assert that the evidence presented thus far demonstrates:

    A. that there was never a meeting of the minds between Plaintiffs and Sunlight; and

    B. Sunlight's arbitration provision is substantively unconscionable and the facts and circumstances of how my clients' signatures were obtained was procedurally unconscionable.

5. While Plaintiffs will present affidavits and other evidence in support of their Memorandum in Opposition, there is still discovery that Plaintiffs need to further support their request to declare the arbitration provision invalid and unenforceable.

6. The evidence that Plaintiffs need to obtain is in the sole control of Sunlight and cannot have been obtained by Plaintiffs without utilizing the discovery tools available to them under Fed. R. Civ. P. 26.

7. If permitted, Plaintiffs will seek, among other things, the following, limited discovery from Sunlight:

   A. Deposition of the salesperson/Sunlight agent who had the Plaintiffs sign the Sunlight loan agreement at issue in this matter;

   B. Deposition of Sunlight's corporate representative, pursuant to Fed. R. Civ. P. 30(b)(6), that is knowledgeable about the relationship between Sunlight and Pink Energy as well as the sales practices utilized by Sunlight when securing lending for a customer, including but not limited to the following:

      i. Documents concerning the sales practices and training for Sunlight's agents who engage with customers, including Plaintiffs;

      ii. The manner in which a Sunlight agent has a customer fill out and sign a loan agreement;

      iii. The training Sunlight provided to its agents regarding the terms of the loan agreement, including the arbitration provision, and the agent's explanation of such terms to customers, including Plaintiffs.; and

      iv. The training involved for Sunlight's agents to understand and explain the terms of the loan agreement, including its arbitration provision, to customers.

8. The evidence requested above should be completed in an expedited manner given its limited scope.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: June 23, 2023
Location: Canton, Ohio

_____
Stacie L. Roth

2

STATE OF OHIO, COUNTY OF STARK, SS:

Sworn to before me and subscribed in my presence while located at Canton, Ohio, this 23 day of June, 2023.

_____
Notary Public

Beth J. Fete
Notary Public, State of Ohio
My Commission Expires 03-18-2028

3